THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEDRO TORRES and JORGE
HURTADO JR., individually and on behalf
of other similarly situated individuals,

Plaintiffs,

v.

NORTH PACIFIC SEAFOODS, INC., and
DOES 1 THROUGH 100, inclusive,

Defendants.

No. 2:20-cv-01545-JLR

DEFENDANT NORTH PACIFIC
SEAFOOD, INC.'S ANSWER TO
COMPLAINT

Defendant North Pacific Seafoods, Inc. ("Defendant" or "NPSI") answers and responds to Plaintiffs' Complaint ("Complaint") in corresponding numbered paragraphs below. Defendant responds to the Complaint based on the current information available to it and reserves the right to amend its Answer and Affirmative Defenses based on information made available through discovery or further investigation. Unless specifically admitted below, Defendant denies each and every allegation, claim, and prayer for relief contained in the Complaint, including those contained in the Complaint's headings.

ANSWER
(No. 2:20-cv-01545) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150011252.7

1

## I. INTRODUCTION

2

3     1.     Defendant does not have sufficient information to form a belief as to the truth of the

4     allegations in the first and second sentence of paragraph 1 of the Complaint, and therefore denies

5     them. The third sentence of paragraph 1 purports to quote a House Report, the contents of which

6     speak for itself. To the extent the House Report contains any factual allegations, Defendant is

7     without sufficient information to form a belief as to the truth of those allegations, and therefore

8     denies the same.

9     2.     Defendant does not have sufficient information to form a belief as to the truth of the

10    allegation in the first sentence of paragraph 2 of the Complaint, and therefore denies it. Defendant

11    admits that it recruits some workers from various locations to processing plants in Alaska each

12    year, but many of its employees return season after season, and thus are not "recruited" each year,

13    since those individuals affirmatively let Defendant or its agents know that they would like to return.

14    For example, at the Red Salmon Cannery in Naknek in 2020, 45% of the workers had worked at

15    least one prior season there—including Plaintiff Hurtado—and chose to return. Defendant admits

16    that various benefits—such as airfare to Alaska—are provided free of charge for some positions

17    in some plants, such as key positions that are difficult to fill with local employees, and for seafood

18    processors who successfully complete the processing season at some locations. Defendant denies

19    that it deceives workers or that it makes any "promises" beyond the scope of its terms of

20    employment, the contents of which speak for themselves.

21

22    3.     The first clause of the first sentence and the last sentence of paragraph 3 contain allegations

23    of law to which no response is required. To the extent a response is required, Defendant denies the

24    same. Defendant's donning and doffing policies vary by facility and position within the facility,

25

26

ANSWER
(No. 2:20-cv-01545) – 2

and therefore Defendant denies the allegations regarding same. However, Defendant admits that its Employee Handbook requires that employees be "properly attired when [their] shift starts each day" and that Alaska processing plant employees "[w]ear appropriate personal protective equipment, including footwear." Defendant further admits that its Employee Handbook specifies that "employees having direct contact with product must wear clean non-porous [rain] gear over their street clothes" and wear "warm dry boots, clean gloves, and a hair covering," and that Defendant provides hats, gloves, and aprons. Defendant further admits that its Employee Handbook specifies that hairnets, which it provides, are required in all production areas, and that ear protection is required in some areas.

4.      The first sentence of paragraph 4 contains an allegation of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that rodents infest workers' beds and bathrooms; rather, there was an isolated incident in 2020 at the Red Salmon Cannery in which, after two workers were sent to quarantine in Anchorage after having close contact with a co-worker who tested positive for COVID-19, they returned to their vacant room and said they saw voles nesting on the bed and had taken a picture of this. They reported the concern to Human Resources, and the Head Housekeeper gave the workers the option of having their bedding and room fully cleaned for them or being reassigned to a different bunkhouse. They declined a bunkhouse reassignment or the offer to have their room cleaned by housekeeping, and instead simply requested new linens, with which they were provided. Defendant denies that mold is a persistent problem; rather, mold is also an isolated issue at certain plants in certain housing units after the units are closed in the winter. When mold is spotted, it is cleaned with bleach and in some cases drywall and other material is replaced and repainted. Defendant

ANSWER
(No. 2:20-cv-01545) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

also denies that tap water is contaminated or in any way problematic. At the Red Salmon Cannery where the named Plaintiffs worked, the water is chlorinated and tested daily by a certified plumber, and test results are submitted to the State of Alaska. Defendant is not aware of any instances of workers being made ill by the water at any of its facilities, and therefore denies the allegation regarding same. Defendant admits that some of its facilities have small, limited employee stores, and some of the stores sell bottled water, but store hours and stocks vary by location, and sometimes by day.

5.      Defendant denies that it ignores safety rules. Defendant's protective equipment and glove policies vary by facility and position within the facility, and therefore Defendant denies the allegations regarding same. Defendant admits that, for employees who have direct contact with product, the non-porous gear they are required to wear may have seafood particles on these surfaces by the end of a shift, and that as a result Defendant's Employee Handbook requires that "[d]irty gloves and raingear shall be placed in a specific area designated for dirty laundry," and gear must be cleaned daily. Defendant admits that there was a minor ammonia release at the Red Salmon Cannery on July 15, 2020. Defendant admits that a detector was temporarily not functional, but denies that workers faced any injury from any exposure to the chemical since the release was detected by an engineer and an electrician almost immediately after it began. The facility was immediately evacuated, and no injuries were reported. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and therefore denies them.

ANSWER
(No. 2:20-cv-01545) – 4

150011252.7

6.     Defendant denies that it ignores health and safety complaints. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint, and therefore denies them.

## II.     FACTUAL ALLEGATIONS

### Labor Conditions in the Seafood Processing Industry

7.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 8 of the Complaint, and therefore denies them. The second sentence of paragraph 8 purports to quote a letter from the State of Alaska Department of Labor and Workforce Development, the contents of which speak for itself. To the extent the letter contains any factual allegations, Defendant is without sufficient information to form a belief as to the truth of those allegations, and therefore denies the same.

9.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies them. The second and fourth sentences of paragraph 9 purport to characterize various written publications, the contents of which speak for themselves. To the extent the publications contain any factual allegations, Defendant is without sufficient information to form a belief as to the truth of those allegations, and therefore denies the same.

10.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them. Defendant admits that AS 23.10.015 contains the passage quoted in paragraph 10 of the Complaint.

ANSWER
(No. 2:20-cv-01545) – 5

150011252.7

11.     Defendant does not have sufficient information to form a belief as to the truth of the allegation in the first sentence of paragraph 11 of the Complaint, and therefore denies it. The second sentence of paragraph 11 purports to characterize a newspaper editorial, the content of which speaks for itself. To the extent the editorial contains any factual allegations, Defendant is without sufficient information to form a belief as to the truth of those allegations, and therefore denies the same.

**Wages for Time Donning and Doffing**

12.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 12 of the Complaint, and therefore denies them. Defendant admits that it operated seven plants from October 2017 through September 2019. Two plants that the Defendant operated in prior years were not operated by the Defendant in 2020.  In 2020, Defendant operated five plants in Alaska. Defendant admits that it has hired hundreds of seasonal employees, including many returning workers, in past years.

13.     Defendant admits that some of its processing facilities hire seasonal workers to clean, fillet, package, and freeze seafood, but job tasks vary by facility. Not all of the Defendant's plants fillet seafood. Defendant further admits that its processing facilities are in Naknek, Kodiak, Sitka, and Twin Hills, and from 2017-2019 Kenai and Kasilof, Alaska, and that some workers at those facilities live on-site. Defendant admits that some workers work for long hours and in 7-day stretches, as is common for Alaska seafood processors. Defendant denies that it cans seafood, and Defendant does not have a "contracted fleet."

14.     Defendant admits that its Employee Handbook requires that Alaska processing plant employees "[w]ear appropriate personal protective equipment, including footwear," but the

ANSWER
(No. 2:20-cv-01545) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150011252.7

specific gear required varies by location and job task. Defendant admits that its Employee Handbook specifies that "employees having direct contact with product must wear clean non-porous [rain] gear over their street clothes" and wear "warm dry boots, clean gloves, and a hair covering." Defendant further admits that its Employee Handbook specifies that hairnets are required in all production areas, and that ear protection is required in some areas based on noise levels. Defendant also admits that since Spring 2020 all employees at all plants have been required to wear a fabric face covering due to COVID-19 precautions.

15.     Defendant's donning policies vary by facility and position within the facility, and therefore Defendant denies the allegations regarding same. However, Defendant admits that its Employee Handbook requires that employees be "properly attired when [their] shift starts each day." Defendant further admits that since Spring 2020, all of its plants required workers to be individually screened for symptoms of COVID-19 prior to entering the production areas of the facility, in compliance with Appendix 01 to Alaska Mandate 10 (effective November 16, 2020, Appendix 01 to Alaska Mandate 10 was updated and replaced by Appendix 01 to Health Order No. 5). Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint, and therefore denies them.

16.     Defendant's doffing policies vary by facility and position within the facility, and therefore Defendant denies the allegations regarding same. Defendant admits that, for employees who have direct contact with product, the non-porous gear they are required to wear may have seafood particles on their surfaces by the end of a shift, and that as a result Defendant's Employee Handbook requires that "[d]irty gloves and raingear shall be placed in a specific area designated for dirty laundry," and that gear be cleaned daily. Defendant does not have sufficient information

ANSWER
(No. 2:20-cv-01545) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore denies them.

17.     Defendant denies that it does not pay workers for 30 to 50 minutes of time spent under company control each day.

### Recruiting Workers to Alaska

18.     Defendant admits that it advertises employment opportunities for seasonal workers in its Alaska processing plants. Defendant denies that the statements in these advertisements are false and deceptive.

19.     Defendant denies that statements on its parent company's website are false and deceptive. Defendant admits that its operations are advertised as being and are in fact worker-centric and focused on safety, and that the material quoted in paragraph 19 of the Complaint appeared on its parent company's website.

20.     Defendant denies that job listings linked from the NPSI website are false and deceptive. Defendant admits that the material quoted in paragraph 20 of the Complaint appeared in a job posting for its Red Salmon processing facility in Bristol Bay.

21.     Defendant denies that its website makes statements that are false and deceptive. Defendant admits that the material quoted in paragraph 21 of the Complaint appeared on its website.

22.     Defendant admits that in 2020 it met groups of applicants in Anchorage before they traveled to Defendant's facilities, in compliance with the requirements under what was then known as Alaska Mandate 10 regarding COVID-19 PCR testing and paperwork processing requirements for H-2B visa applicants. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and therefore denies them.

ANSWER
(No. 2:20-cv-01545) – 8

**Conditions at NPSI Facilities**

23.     Defendant admits that it employs hundreds of workers at its processing facilities each year, and that at some of Defendant's plants most employees live in dormitory-style housing, commonly referred to as bunkhouses. In contrast, some of Defendant's plants use local workforces where hundreds of employees live in the community and do not live in dormitory-style housing.

24.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 24 of the Complaint regarding workers' thoughts, and therefore denies them. Defendant denies that rodents infest workers' beds and bathrooms; rather, there was an isolated incident in 2020 at the Red Salmon Cannery in which, after two workers were sent to quarantine in Anchorage after having close contact with a co-worker who tested positive for COVID-19, they returned to their vacant room and said they saw voles nesting on the bed and had taken a picture of this. They reported the concern to Human Resources, and the Head Housekeeper gave the workers the option of having their bedding and room fully cleaned for them or being reassigned to a different bunkhouse. They declined a bunkhouse reassignment or the offer to have their room cleaned by housekeeping, and instead simply requested new linens, with which they were provided. Defendant admits that some bunkhouses have communal bathrooms shared by up to 50 workers who work on different shifts and use the bathrooms at different times. At the facility where the named Plaintiffs worked, in 2020 the bathrooms were cleaned twice per day for COVID-19 protection. Defendant denies that mold is a persistent problem; rather, mold is also an isolated issue at certain plants in certain housing units after the units are closed in the winter. When mold is spotted, it is cleaned with bleach and in some cases drywall and other material is replaced and repainted. Defendant also denies that tap water is contaminated or in any way problematic. At

ANSWER
(No. 2:20-cv-01545) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the Red Salmon Cannery where the named Plaintiffs worked, the water is chlorinated and tested daily by a certified plumber, and test results are submitted to the State of Alaska. Defendant is not aware of any instances of workers being made ill by the water at any of its facilities, and therefore denies the allegation regarding same. Defendant admits that some of its facilities have small, limited employee stores, and some of the stores sell bottled water, but store hours and stocks vary by location, and sometimes by day. Defendant denies that all supervisors have a separate dining area; instead, some facilities reserve tables for key staff personnel who, based on their job responsibilities, have very limited amounts of time in which to take a meal break. These reserved tables are, however, in the same dining area as all other tables. At some of the Defendant's plants, some supervisors, such as plant managers, may have additional cooking facilities in their housing. At some of the Defendant's plants, hundreds of employees, including supervisors, live in the community and have their own dining areas in their own homes.  Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and therefore denies them.

25.     Defendant denies that working conditions are poor and denies that supervisors disregard worker health and safety. Defendant also denies that company-provided boots are prone to slipping and fill with water. Defendant admits that at some plants employees can buy boots through a payroll deduction at the on-site store, which some employees choose to do as a matter of personal preference. Defendant admits that its Employee Handbook requires that Alaska processing plant employees "[w]ear appropriate personal protective equipment, including footwear," but the specific gear required varies by location and job task. Defendant admits that its Employee Handbook specifies that "employees having direct contact with product must wear clean non-

ANSWER
(No. 2:20-cv-01545) – 10

150011252.7

porous [rain] gear over their street clothes" and wear "warm dry boots, clean gloves, and a hair covering." Defendant's protective equipment and glove policies vary by facility and position within the facility, and therefore Defendant denies the allegations regarding same. Defendant admits that, given the nature of the seafood processing work, cuts happen on occasion. Defendant denies that any workers were rendered ill by the water at its facilities, and denies that the water at its facilities was in any way contaminated. Defendant admits that there was a minor ammonia release at the Red Salmon Cannery on July 15, 2020. Defendant admits that a detector was temporarily not functional, but denies that workers faced any injury from any exposure to the chemical since the release was detected by an engineer and an electrician almost immediately after it began. The facility was immediately evacuated, and no injuries were reported. Defendant admits that some workers at some of their plants are required to wear ear protection based on their job function and noise levels, and that Defendant provides those workers with ear protection. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies them.

26.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in the first clause of paragraph 26 of the Complaint, and therefore denies them. Defendant denies that it summarily ignored any complaints, and instead worked to immediately fix any issues that were brought to its attention.

27.     Paragraph 27 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

28.     Paragraph 28 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

ANSWER
(No. 2:20-cv-01545) – 11

150011252.7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29.     Paragraph 29 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

### III.     JURISDICTION AND VENUE

30.     Paragraph 30 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

31.     Paragraph 31 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

32.     As to paragraph 32 of the Complaint, Defendant admits that venue is proper in this District.

33.     As to paragraph 33 of the Complaint, Defendant admits that it is subject to this Court's personal jurisdiction.

### IV.     THE PARTIES

34.     Defendant admits it employed Plaintiff Pedro Torres as a seafood processor from June 21, 2020 to July 23, 2020, and that he was terminated for refusing to accept an assignment. Defendant admits that Plaintiff Torres at times worked long hours and in 7-day stretches, as is common for Alaska seafood processors, but denies that he ever worked a sixteen-hour day. Nor did he ever work more than 15 hours in a day. Defendant admits that Plaintiff Torres resided in an on-site bunkhouse during the time he worked for Defendant. The fourth and seventh sentences of paragraph 34 of the Complaint contain allegations of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint, and therefore denies them.

ANSWER
(No. 2:20-cv-01545) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150011252.7

35.     Defendant admits it employed Plaintiff Jorge Hurtado Jr. as a seafood processor during its 2018 and 2020 season, and that he resided in an on-site bunkhouse during the time he worked for Defendant. Defendant admits that Plaintiff Hurtado Jr. at times worked long hours, and at times worked in 7-day stretches, as is common for Alaska seafood processors. Plaintiff Hurtado only once worked over 16 hours in a single day (16.25 hours), and this was during the 2018 season. The fourth and seventh sentences of paragraph 35 of the Complaint contain allegations of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, and therefore denies them.

36.     Defendant admits that it is a Washington corporation with its corporate headquarters at 4 Nickerson Street, Suite 400, in Seattle, Washington, but denies that Washington is its principal place of business. Defendant admits that it is in the business of processing seafood, but denies that it cans seafood. Defendant admits that it incorporated in 2005 as the successor to North Pacific Processors Inc., which had been in business since 1972, and admits the remaining allegations in the last sentence of paragraph 36 of the Complaint.

37.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38.     Paragraph 38 of the Complaint contains allegations of law for which no response is required. To the extent a response is required, Defendant denies the same.

39.     Paragraph 39 of the Complaint contains allegations of law for which no response is required. To the extent a response is required, Defendant denies the same.

ANSWER
(No. 2:20-cv-01545) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40.     Paragraph 40 of the Complaint contains allegations of law for which no response is required. To the extent a response is required, Defendant denies the same.

## V.     COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

41.     Paragraph 41 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

42.     Paragraph 42 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

43.     Defendant admits the first two sentences of Paragraph 43 of the Complaint. Defendant denies that wages earned were Plaintiffs' and the proposed FLSA Collective Plaintiffs' sole source of compensation, since Plaintiffs also received compensation in the form of housing, meals, and other benefits. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint, and therefore denies them.

44.     Paragraph 44 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

## VI.     CLASS ACTION ALLEGATIONS UNDER THE ALASKA STATUTES

45.     Paragraph 45 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

46.     Paragraph 46 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

47.     Paragraph 47 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

ANSWER
(No. 2:20-cv-01545) – 14

150011252.7

48.     Paragraph 48 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

49.     Paragraph 49 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

50.     Defendant does not have sufficient information to form a belief as to the truth of the allegation in paragraph 50 of the Complaint, and therefore denies it.

## VII.    CAUSES OF ACTION

### First Cause of Action

### Violation of the Fair Labor Standards Act

51.     Defendant reasserts its answers to paragraphs 1-50 above.

52.     Paragraph 52 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

53.     The first sentence of paragraph 53 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant does not have sufficient information to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint, and therefore denies them.

54.     Paragraph 54 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

55.     Paragraph 55 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

56.     Paragraph 56 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

ANSWER
(No. 2:20-cv-01545) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

57.     Paragraph 57 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

58.     Paragraph 58 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

### Second Cause of Action

### Violation of Alaska Wage and Hour Act

59.     Defendant reasserts its answers to paragraphs 1-58 above.

60.     Paragraph 60 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

61.     Paragraph 61 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

62.     Paragraph 62 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

63.     Paragraph 63 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

64.     Paragraph 64 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

### Third Cause of Action

### False Representations to Procure Employees

65.     Defendant reasserts its answers to paragraphs 1-64 above.

66.     Paragraph 66 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

67.     Defendant admits that it has done and continues to do business in the State of Alaska.

ANSWER

(No. 2:20-cv-01545) – 16

150011252.7

68.     Paragraph 68 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

69.     Paragraph 69 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

70.     Defendant does not have sufficient information to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and therefore denies them.

71.     Paragraph 71 of the Complaint contains allegations of law to which no response is required. To the extent a response is required, Defendant denies the same.

Defendant designates all denials in this Answer as defenses to the extent necessary to provide it with a complete defense. Defendant reserves the right to amend this Answer or add other affirmative defenses as necessary as the case progresses

## VIII.   PRAYER FOR RELIEF

Defendant requests that the Court dismiss the Complaint in its entirety and with prejudice, enter judgment in favor of Defendant; award Defendant its attorneys' fees, costs, and disbursements; and award Defendant such further relief as the Court may deem appropriate.

## IX.     AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Lack of subject matter jurisdiction)

Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to state a claim)

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

ANSWER
(No. 2:20-cv-01545) – 17

150011252.7

1
2

### THIRD AFFIRMATIVE DEFENSE
### (Standing)

3
4

Plaintiffs and/or members of the asserted putative class lack standing to seek the relief demanded.

5
6

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean hands)

7
8

Plaintiffs' Complaint should be dismissed because Plaintiffs and/or members of the asserted putative class have unclean hands.

9
10

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

11

Plaintiffs' claims are barred by the doctrine of laches.

12
13

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of limitations)

14

Plaintiffs' claims are barred by the applicable statutes of limitation.

15
16

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

17
18

Plaintiffs and/or members of the asserted putative class have waived any right to recover any relief under their Complaint, or any purported cause of action alleged therein.

19
20

### EIGHTH AFFIRMATIVE DEFENSE
### (Mootness)

21

Plaintiffs' claims are moot.

22
23

### NINTH AFFIRMATIVE DEFENSE
### (Estoppel)

24
25

Plaintiffs and/or members of the asserted putative class are estopped by their conduct from recovering any relief under their Complaint, or any purported cause of action alleged therein.

26

ANSWER
(No. 2:20-cv-01545) – 18

### TENTH AFFIRMATIVE DEFENSE
### (No damages)

Plaintiffs and/or members of the asserted putative class have not suffered any damages as a result of any action taken by Defendant, and as a result, Plaintiff and/or members of the asserted putative class are barred from asserting any claims for relief against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Comparative fault or offset)

To the extent there are any damages, all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiffs and/or members of the asserted putative class) for whose conduct Defendant is not legally responsible. Consequently, any damages suffered by Plaintiffs and/or members of the asserted putative class must be reduced in an amount by which Plaintiffs and/or members of the asserted putative class contributed to those damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to mitigate damages)

Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' and the asserted putative class's failure to mitigate damages. Consequently, any damages suffered by Plaintiffs and/or members of the asserted putative class must be reduced in an amount by which Plaintiffs and/or members of the asserted putative class could have mitigated those damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Unjust enrichment)

Plaintiffs and/or members of the asserted putative class would be unjustly enriched if they recovered from Defendant any of the damages alleged in the Complaint.

ANSWER
(No. 2:20-cv-01545) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

150011252.7

1
2

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

3

Plaintiffs and/or members of the putative class consented and/or acquiesced to all of

4

Defendant's acts and conduct, and thus each purported cause of action in the Complaint is barred.

5
6

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Satisfaction)

7

Defendant followed all terms and conditions of the contractual relationship between

8

Plaintiffs and Defendant.

9
10

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Compliance with law)

11

Defendant affirmatively pleads that, while carrying out the complained of actions/inactions

12

specified in Plaintiffs' Complaint, it at all times acted in accordance and compliance with

13

applicable law.

14
15

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Defendant acted in good faith)

16

The claims of Plaintiffs and/or members of the asserted putative class are barred by the fact

17

that Defendant acted reasonably and in good faith at all times material herein.

18
19

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Numerosity)

20

The proposed class action fails to meet the numerosity requirement of Fed. R. Civ. P.

21

23(a)(1).

22
23

## NINETEENTH AFFIRMATIVE DEFENSE
### (Commonality)

24

The proposed class action fails to meet the commonality requirement of Fed. R. Civ. P.

25

23(a)(2).

26

ANSWER
(No. 2:20-cv-01545) – 20

1
2

### TWENTIETH AFFIRMATIVE DEFENSE
### (Typicality)

3
4

The proposed class action fails to meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

5
6

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Adequate representation)

7

The named Plaintiffs will not adequately and fairly protect the interests of the proposed

8

class, as required by Fed. R. Civ. P. 23(a)(4).

9
10

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Common questions)

11

The proposed class lacks common questions of law or fact, as required by Fed. R. Civ. P.

12

23(b)(3).

13
14

Defendant reserves the right to amend this Answer to assert additional defenses and/or

15
16

supplement, alter, or change this Answer as may be warranted by the additional information

17

learning during discovery and investigation.

18
19
20
21
22
23
24
25
26

ANSWER
(No. 2:20-cv-01545) – 21

150011252.7

1

2  DATED:  November 18, 2020            By:  s/ Chelsea Dwyer Petersen
                                       By:  s/ Danielle M. Ryman
3                                      By:  s/ L. John Iani
                                       By:  s/ Stephanie R. Holstein
4                                      By:  s/ Sarah Schirack

5                                      Chelsea Dwyer Petersen WSBA #33787
                                       Danielle M. Ryman *pro hac vice*
6                                      L. John Iani WSBA #15311
                                       Stephanie R. Holstein WSBA #50802
7                                      Sarah Schirack *pro hac vice*
                                       **Perkins Coie LLP**
8                                      1201 Third Avenue, Suite 4900
                                       Seattle, WA  98101-3099
9                                      Telephone:  206.359.8000
                                       Facsimile:  206.359.9000
10                                     Email:  CDPetersen@perkinscoie.com
                                               DRyman@perkinscoie.com
11                                             JIani@perkinscoie.com
                                               SHolstein@perkinscoie.com
12                                             SSchrack@perkinscoie.com

13

14                                     By:  s/ Kara L. Heikkila

15                                     Kara L. Heikkila WSBA #27966
                                       **Witherspoon Kelley**
16                                     608 Northwest Boulevard, Suite 300
                                       Coeur d'Alene, ID 83814-1246
17                                     Telephone: 208.667.4000
                                       Facsimile: 208.667.8470
18                                     Email:  klh@witherspoonkelley.com

19
                                       Attorneys for Defendant North Pacific
20                                     Seafoods, Inc.

21

22

23

24

25

26

ANSWER
(No. 2:20-cv-01545) – 22

150011252.7

1

2                                    **CERTIFICATE OF SERVICE**

3              I hereby certify under penalty of perjury that on November 18, 2020, I electronically filed

4    the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system, which will send

5    notification of such filing to the following:

6    Dan Drachler, WSBA #27728                    ____ Via Hand Delivery
     ddrachler@zsz.com                            ____ Via U.S. Mail, 1st Class, Postage Prepaid
7    Henry Avery, WSBA #54086                     ____ Via Overnight Courier
     havery@zsz.com                               ____ Via Facsimile
8    **Zwerling, Schachter & Zwerling, LLP**       _X_ Via E-Filing
9    1904 Third Avenue, Suite 1030
     Seattle, WA 98101
10   Telephone: 206.223.2053
     Facsimile: 206.343.9636

11

12   Robert S. Arns, *pro hac vice*              ____ Via Hand Delivery
     rsa@arnslaw.com                             ____ Via U.S. Mail, 1st Class, Postage Prepaid
13   Shounak S. Dharap, *pro hac vice*           ____ Via Overnight Courier
     **The Arns Law Firm**                        ____ Via Facsimile
14   ssd@arnslaw.com                              _X_ Via E-Filing
15   515 Folsom St., 3rd Floor
     San Francisco, CA 94109
16   Telephone: 415.495.7800
     Facsimile: 415.495.7888

17

18   Kevin Osborne, *pro hac vice*               ____ Via Hand Delivery
     kevin@eko.law                               ____ Via U.S. Mail, 1st Class, Postage Prepaid
19   Julie Erickson, *pro hac vice*              ____ Via Overnight Courier
     julie@eko.law                               ____ Via Facsimile
20   Elizabeth Kramer, *pro hac vice*             _X_ Via E-Filing
     elizabeth@eko.law
21   **Erickson Kramer Osborne LLP**
22   182 Howard Street
     San Francisco, CA 94105
23   Telephone: 415.635.0631
     Facsimile: 415.599.8088

24

25   Attorneys for Plaintiffs

26

     CERTIFICATE OF SERVICE
     (No. 2:20-cv-01545) – 1

150011252.7

1   DATED this 18th day of November in Anchorage, Alaska.

2

3                          *s/ Samantha Reardon*
                           Samantha Reardon, Legal Practice Assistant

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:20-cv-01545) – 2

150011252.7