The Honorable James L. Robart

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

9  PEDRO TORRES et al.,

10         Plaintiffs,

11  vs.

12  NORTH PACIFIC SEAFOODS, INC. et al.,

13         Defendants.

14

Case No. 2:20-cv-01545-JLR

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

NOTE ON MOTION CALENDAR: July 23, 2021

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

**Table of Contents**

I.     Introduction ............................................................................................................. 1

II.    Factual and Procedural Background ...................................................................... 1

   A.  The Factual Allegations ..................................................................................... 1

   B.  Procedural Background........................................................................................ 2

   C.  The Parties Reach an Agreement ....................................................................... 2

   D.  Terms of the Proposed Settlement ..................................................................... 3

III.   The Settlement Meets the Criteria Necessary for Preliminary Approval ............ 4

   A.  The Proposed Settlement is Within the Range of Judicial Approval................. 5

     1.  The Strength of Plaintiffs' Case and the Risks of Litigation ......................... 6

     2.  The Settlement Amount ................................................................................. 8

     3.  Extent of Discovery Completed and the Stage of the Proceedings ............... 9

     4.  The Experience and Views of Counsel ....................................................... 10

   B.  There Are No Obvious Deficiencies ................................................................. 10

   C.  The Proposed Settlement is the Product of Serious Non-Collusive Negotiations ........... 12

IV.    The Court Should Conditionally Certify the Settlement Class for Purposes of Settlement
............................................................................................................................. 13

   A.  For Purposes of Settlement, the Class Meets the Requirements of Rule 23(a) ............... 13

     1.  Numerosity.................................................................................................. 13

     2.  Commonality............................................................................................... 14

     3.  Typicality .................................................................................................... 15

     4.  Adequacy .................................................................................................... 15

   B.  The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes ................ 16

   C.  For Purposes of Settlement, the Settlement Class Should Be Certified as a Collective
Action Under the FLSA ................................................................................... 17

V.     The Notice Program is Adequate and Constitutes Due and Sufficient Notice Under Rule
23 and Meets Due Process Requirements ........................................................... 17

VI.    Proposed Schedule of Events............................................................................... 20

VII.   Conclusion .......................................................................................................... 21

# Table of Authorities

**Cases**

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652 (E.D. Cal. 2008) _____ 5

*Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sep. 17, 2012) _____ 12

*Benoskie v. Kerry Foods, Inc.*, No. 19-cv-684-pp, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020) _____ 20

*Bowles v. Dep't of Ret. Sys.*, 121 Wash.2d 52 (1993)_____ 11

*Bozak v. FedEx Ground Package Sys., Inc.*, No. 11 Civ. 738, 2014 WL 3778211 (D. Conn. July 31, 2104) _____ 22

*Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) _____ 20, 22

*Castro v. Paragon Indust., Inc.*, No. 1:19-cv-00755-DAD-SKO, 2020 WL 1984240 (E.D. Cal. Apr. 27, 2020) _____ 13

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004 _____ 6, 15

*Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362 (W.D. Wash. May 11, 2009) _____ 16

*Day v. NuCO2 Mgmt., LLC*, No. 1:18-cv-02088, 2018 WL 2473472 (N.D. Ill. May 18, 2018)  20

*De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2019 WL 6311379 (N.D. Cal. Nov. 25, 2019) _____ 14

*Dunakin v. Quigley*, 99 F. Supp. 3d 1297 (W.D. Wash. 2015) _____ 15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) _____ 16, 18, 19

*Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010) _____ 12

*HsingChing Hsu v. Puma Biotechnology, Inc.*, No. SACV150865AGJCGX, 2017 WL 6210803 (C.D. Cal. Dec. 8, 2017) _____ 16

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) _____ 4, 14

*Maciel v. Bar 20 Dairy, LLC*, No. 1:17-cv-00902-DAD-SKO, 2020 WL 5095885 (E.D. Cal. Aug. 28, 2020) _____ 13

*Mar v. Betts Co.*, No. 1:19-cv-00786-NONE-BAM, 2020 WL 6269151 (E.D. Cal. Oct. 26, 2020) _____ 13

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

ii

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) _____ 21

*Nat'l Fed'n of Blind of California v. Uber Techs., Inc.*, No. 14-CV-04086 NC, 2016 WL 9000699 (N.D. Cal. July 13, 2016) _____ 6, 10

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615 (9th Cir. 1982) _____ 5

*Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337 (E.D. Cal. 2014) _____ 4

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) _____ 17

*Ramirez v. Ghilotti Bros. Inc.,* No. C 12-04590 CRB, 2014 WL 1607448 (N.D. Cal. Apr. 21, 2014) _____ 14

*Rinky Dink Inc v. Elec. Merch. Sys. Inc.,* No. C13-1347 JCC, 2015 WL 11234156 (W.D. Wash. Dec. 11, 2015) _____ 15

*Ruch v. AM Retail Grp., Inc.,* No. 14-CV-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) _____ 12

*Scott v. United Servs. Auto. Ass'n*, No. C11-1422-JCC, 2013 WL 12251170 (W.D. Wash. Jan. 7, 2013) _____ 5, 11

*Spann v. J.C. Penney Corp.*, 314 F.R.D. 312 (C.D. Cal. 2016) _____ 5, 14

*Stoneridge Inv. Partners, LLC v. Sci.Atlanta, Inc.*, 552 U.S. 148 (2008)_____ 7

*Tobin v. Beer Capital Distributing Inc.*, No. 12 Civ. 274, 2012 WL 5197976 (E.D. Wis. Oct. 19, 2012) _____ 22

*Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976) _____ 5

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) _____ 12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) _____ 16

**Statutes**

Alaska Statute § 23.10.015, et seq. ................................................................. 2

**Other Authorities**

Manual For Complex Litigation (Fourth) § 21.632 (2004) ............................ 4

**Rules**

Fed. R. Civ. P. 23(a) .......................................................................................... 12, 13, 14

Fed. R. Civ. P. 23(b)(3) .................................................................................................. 15

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................... 16, 17

Fed. R. Civ. P. 23(e)(2) ................................................................................................... 1

Fed. R. Civ. P. 23(g). ...................................................................................................... 8

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

iv

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1

**I.    Introduction**

2        Plaintiffs Pedro Torres and Jorge Hurtado ("Plaintiffs") respectfully request that the Court

3    preliminarily approve a settlement resolving this putative class action for a cash payment of

4    $1,900,000 (the "Settlement"). The proposed Settlement provides an excellent recovery for the

5    class members who are due wages and overtime for the hours worked in excess of eight hours per

6    day and/or forty hours per week. The Court should preliminarily approve the Settlement because

7    it is "fair, reasonable and adequate," as required by Fed. R. Civ. P. 23(e)(2).

8        The Plaintiffs respectfully ask the Court to enter the proposed Order Preliminarily

9    Approving Settlement and Authorizing Notice and Scheduling Settlement Hearing (the

10   "Preliminary Approval Order"). Among other features, the Preliminary Approval Order (a)

11   preliminarily approves the terms of the proposed Settlement as set forth in the Settlement

12   Agreement; (b) approves the form and method of providing notice of the proposed Settlement to

13   the class (the "Notice"); (c) preliminarily certifies an opt-out class action and an opt-in collective

14   action; (d) sets a hearing date for final approval of the settlement, plan of allocation, and Plaintiffs'

15   counsel's application for attorneys' fees and expenses; and (e) appoints a claims administrator to

16   administer the settlement process.

17   **II.   Factual and Procedural Background**

18        **A.    The Factual Allegations**

19        Plaintiffs and the settlement class members are seafood processing workers who were

20   employed by Defendant North Pacific Seafoods, Inc. ("Defendant" or "NPSI"). Plaintiffs allege

21   that NPSI failed to pay its workers for all hours worked, including while donning and doffing

22   work-related gear, and made false representations relating to working conditions, in violation of

23   the Fair Labor Standards Act ("FLSA") and Alaska Wage and Hour Act ("AWHA"). Dkt. 1,

24   Plaintiffs' Class Action Complaint ("Complaint") ¶¶ 12-17, 41-50. During the relevant time

25   period, NPSI owned and operated seven seafood processing facilities in Alaska: Alaska Pacific

26   Seafoods (APS), Sitka Sound Seafoods (SSS), Red Salmon Cannery (RSC), Pederson Point (PPT),

27   Togiak Fisheries (TOG), and two Inlet Fish Producers (IFP) facilities. *See* Declaration of Robert

28
PLAINTIFFS' MOTION                           1              Zwerling, Schachter & Zwerling, LLP
FOR PRELIMINARY APPROVAL                                    1904 Third Avenue, Suite 1030
OF SETTLEMENT                                              Seattle, WA 98101-1170
CASE NO. 2:20-cv-01545-JLR                                 Tel.: (206) 223-2053

S. Arns ("Arns Decl."), ¶ 5. Defendant denies these allegations and asserts that its seafood processing facilities are operated in a manner that complies with or exceeds legal requirements. *Id*.

**B.     Procedural Background**

On October 19, 2020, Plaintiffs filed a class-action lawsuit, bringing claims under the Fair Labor Standards Act, the Alaska Wage and Hour Act and Alaska Statute § 23.10.015, *et seq*. Dkt. 1, Complaint, ¶¶ 12-17, 41-50.

On November 18, 2020, Defendant NPSI filed an Answer to Plaintiffs' Complaint generally denying the allegations therein. Dkt. 22, Defendant's Answer to Complaint. In early February 2021, the parties began to engage in formal discovery. Declaration of Dan Drachler ("Drachler Decl."), ¶ 5. Plaintiffs served their first set of interrogatories as well as requests for admission and requests for production of documents on Defendant. *Id.* Defendant provided thousands of pages of responsive documents. *Id.* Defendant served Plaintiffs with its first sets of discovery requests and interrogatories. *Id.* Plaintiffs also noticed the depositions of several NPSI employees and the corporate representative of NPSI on numerous topics pursuant to Fed. R. Civ. Pro. 30(b)(6). *Id.* Following a discovery conference with the Court, the Parties were in the midst of meeting and conferring with respect to production of a class list. *Id.* However, discovery was not completed because the parties engaged in settlement discussions to reach a resolution before incurring costs associated with class certification discovery. *Id.*, ¶¶ 5-6.

**C.     The Parties Reach an Agreement**

On April 16, 2021, after a previous unsuccessful attempt to engage in mediation, counsel for the parties met for a full day of mediation before a mediator experienced in maritime and employment law litigation, John G. Cooper, Esq., of WAMS. Drachler Decl., ¶ 6. In advance of the mediation, the Parties exchanged extensive information and data relating to, *inter alia*, the class members' work histories and prepared and exchanged lengthy mediation briefs setting out their positions. *Id*. The Parties engaged in arm's length negotiations and reached an agreement-in-

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

2

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

principle to settle the action. *Id*. Following continued arm's length negotiation, the parties subsequently agreed to a Settlement Agreement, which fully documents the Settlement. *Id.*

**D.    Terms of the Proposed Settlement**

The terms of the Settlement are precisely detailed in the Settlement Agreement, which fully resolves the claims of the class against Defendant. The essential terms are as follows:

- Defendant will pay an all-in amount of $1,900,000 ("Gross Settlement Fund") in exchange for the settlement and release of the claims asserted in this matter. Ex. 1, Settlement Agreement, §§ 1.6, 1.9.

- The Settlement Class Members are defined as all persons who worked as Seafood Processing Employees for NPSI in Alaska State at any time from October 19, 2017, to the date this Motion for Preliminary Approval of Settlement is filed. Ex. 1, §§ 1.1-1.2.

- Plaintiffs' Counsel will request an award of attorneys' fees up to $570,000 plus actual expenses of litigation not to exceed $15,000. Ex. 1, §§ 11.2-11.3.

- The settlement administrator will be paid settlement administration costs, not to exceed $44,750

- Subject to Court approval, up to $10,000 of the settlement fund will be paid as "Service Awards" to Plaintiffs in recognition of their service to the Settlement Class Members, with each Plaintiff receiving $5,000. Ex. 1, § 11.5.

- After the aforementioned amounts are deducted, the remaining funds—the Net Settlement Fund—will be allocated among Settlement Class Members based on a formula that takes into account each Member's number of hours worked and the facility where they were employed. Settlement Class Members will receive a minimum payment of $100. Ex. 1, §§ 11.6-11.7.

- The allocation formula creates three tiers of facilities and allocates each tier a percentage of the Net Settlement Fund. Tier 1, which includes Red Salmon Cannery ("RSC") and Pederson Point ("PPT"), is allocated 39 percent. Tier 2, which

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

3

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

includes Alaska Pacific Seafoods ("APS"), as well as RSC and PPT, is allocated 39 percent. Tier 3, which includes Sitka Sound Seafoods ("SSS"), Togiak Fisheries ("TOG"), and Inlet Fish Producers ("IFP"), as well as RSC, PPT, and APS, is allocated 22 percent. Within each tier, Class Members are allocated a pro rata share of that tier's percentage of the Net Settlement Fund based on the number of hours they worked at a facility within that tier. Ex. 1, § 11.7.2; *see* Section III.A.2, *infra* (discussing the reasonableness of the formula based on the differing risks of litigation associated with different facilities).

- Each Settlement Class Member will receive a Notice via mail and, if possible, by email. This Notice will inform the Settlement Class Members that they have a deadline of forty-five calendar days to object or opt out of the Settlement. Ex. 1, § 6.1.

In light of the risks of further litigation, and after evaluating the factual and legal defenses available to Defendant should the case proceed, Plaintiffs and their Counsel determined that the proposed Settlement is an excellent result for the Settlement Class Members.

<u>Argument</u>

**III.    The Settlement Meets the Criteria Necessary for Preliminary Approval**

The Court should approve the Settlement because it is fair, reasonable, and adequate, and because it mitigates—for all Parties—the enormous expense and risk of litigating this action through further discovery, summary judgment, trial and appeal. "Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The court reviews proposed class settlements in two stages, the first of which is a "preliminary fairness evaluation." *See* Pierce v. Novastar Mortg., Inc., No. C05-5835RJB, 2007 WL 1847216, at *3 (W.D. Wash. June 27, 2007) (citing Manual For Complex Litigation (Fourth) § 21.632 (2004)). "The purpose of this evaluation is to determine whether there are reservations

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

4

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

about the settlement, such as unduly preferential treatment of class representatives or certain segments of the class, inadequate compensation or harms to the class, the need for subclasses, or excessive attorney compensation." *Id.*

"Generally, preliminary approval of a class action settlement will be granted if it appears to fall 'within the range of possible judicial approval' and 'does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys.'" *Scott v. United Servs. Auto. Ass'n*, No. C11-1422-JCC, 2013 WL 12251170, at *1 (W.D. Wash. Jan. 7, 2013) (citations omitted); *see also Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016) ("the court may grant preliminary approval of a settlement and direct notice to the class if the settlement: '(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.'") (citation omitted).

The policy in favor of voluntary conciliation and settlement as the preferred means of dispute resolution "is especially true in complex class action litigation." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits … which frequently present serious problems of management and expense.").

Because the Settlement is fair, reasonable, and adequate and falls within the range of judicial approval, its terms weigh in favor of preliminary approval.

## A.    The Proposed Settlement is Within the Range of Judicial Approval

The proposed settlement is well within the "range of possible judicial approval." "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer." *Nat'l Fed'n of Blind of Cal. v. Uber Techs., Inc.*, No. 14-CV-04086 NC,

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

2016 WL 9000699, at *8 (N.D. Cal. July 13, 2016) (citations omitted). Thus, courts examine a number of factors that ultimately inform approval, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See, e.g.*, *id.* (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). For the reasons discussed below, these factors support preliminary approval.

### 1.     The Strength of Plaintiffs' Case and the Risks of Litigation

Plaintiffs have always believed their claims should prevail. This belief was based on Plaintiffs' Counsel's pre-lawsuit investigation and information gained over the course of the litigation and preparation for mediation. Defendant adamantly denied wrongdoing and raised numerous challenges to the action that presented risks to Plaintiffs' chance of prevailing.

To prevail, Plaintiffs would have to prove (1) that the time Plaintiffs and the Settlement Class Members spent donning and doffing protective gear was compensable under the Fair Labor Standards Act; (2) that by means of false or deceptive representations, false advertising, or false pretenses concerning the kind and character of work to be done, or the amount and character of compensation to be paid for work, or the sanitary or other conditions of employment, Defendant brought or induced workers to relocate to Alaska for employment; and (3) that Defendant failed to fully compensate Plaintiffs and the Settlement Class Members for all hours worked.

Defendant maintains that it has complied with its obligations under the FLSA and Alaska law and believes Plaintiffs' claims for unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs will fail. Defendant has vigorously contested the claims, but Defendant has taken into account the uncertainty and risks inherent in any litigation and believes that further litigation would likely be protracted, expensive, and contrary to its best interests.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1   Substantial amounts of time, energy, and other resources have been and, absent settlement, will

2   continue to be committed to Defendant's defenses against the claims asserted in this litigation.

3         Defendant also raised defenses that exposed Plaintiffs' claims to greater risk. These

4   defenses related to the methodology and timing of clocking in and out with respect to donning and

5   doffing, as well as the working conditions—both of which are at the heart of Plaintiffs' claims.

6   Specifically, Defendant produced evidence showing that at multiple facilities, all donning and

7   doffing occurred while on the clock. Arns Decl., ¶ 5. Defendant also maintained that there was no

8   basis in fact for the false misrepresentation claim, that all representations related to the work and

9   conditions of employment were accurate, and that many employees returned to work for NPSI year

10  after year.

11        Litigating the dispute as to donning and doffing would have required Plaintiffs to conduct

12  time and motion studies to calculate the amount of unpaid wages. Arns Decl., ¶ 5. Plaintiffs would

13  also have had to conduct site inspections of the facilities—each located in remote parts of Alaska—

14  in order to determine liability for the donning and doffing claims and resolve the dispute as to

15  working conditions. *Id*. These discovery procedures stood to substantially increase the cost of

16  litigation on both parties. *Id*. Additionally, dueling studies and experts' interpretations increased

17  the risk that Plaintiffs might not prevail on the merits as well as the cost to Defendant. *Id*.

18        In addition to the risks associated with the merits, Plaintiffs also faced significant hurdles

19  in obtaining certification of their class and collective action. Defendant argued that there was

20  variation among the different facilities and job positions held by the class members that would

21  make certification unlikely. Drachler Decl., ¶ 5. Additionally, Defendant argued that each of the

22  seven facilities had its own recruiting practices and living facilities, which could prevent

23  certification as to representations made to prospective workers. *Id*. While Plaintiffs were confident

24  that they would be successful in meeting the requirements for class certification, the risk was

25  nevertheless such that it was possible that Plaintiffs would not have prevailed given these

26  differences. *Id*.

27

28

### 2.    The Settlement Amount

In contrast to these risks and challenge posed by continued litigation, the Settlement provides immediate and certain benefits to both parties. The $1.9 million settlement fund represents significant recovery for the Settlement Class Members. Of this gross settlement fund, the Net Settlement Fund is expected to be $1,254,000, or 66% of the gross fund. None of the settlement funds will revert to Defendant. This amount, in the experience of Plaintiffs' Counsel, is fair and reasonable—especially when evaluated in light of the tailored allocation method described below. *See* Arns Decl., ¶ 6.

The allocation plan is reasonable in light of risks faced by Plaintiffs unique to certain facilities. Arns Decl., ¶¶ 5-7. The allocation plan groups the facilities into three tiers, with each successive tier being inclusive of the last. *Id*., at ¶ 6.

The Net Settlement Fund is then divided between these tiers in a manner that reflects the relative strengths and weaknesses of the claims against the various facilities. *Id*.

Tier 3: Plaintiffs faced the highest risk with respect to SSS, TOG, and the two IFP facilities. NPSI contended, and produced evidence in support thereof, that these facilities maintained legally compliant donning and doffing policies throughout the class period. Plaintiffs faced a significant challenge in refuting NPSI's position and evidence on this point. Arns Decl., ¶ 5. Accordingly, these four facilities are classified as Tier 3 only. *Id*., at ¶ 6. Under the formula, a Class Member who worked at one of these Tier 3 facilities will recover, on average, $100. This amount is also set as the minimum possible recovery under the settlement. Ex. 1, § 11.6.

Tier 2: At the three remaining facilities—RSC, PPT, and APS—the likelihood of prevailing was higher due to the method in which workers donned and doffed gear relative to clocking in and out. These three facilities are accordingly grouped into Tier 2. Arns Decl., ¶ 6.

Tier 1: The facilities to which Plaintiffs assigned the least risk—RSC and PPT—comprise Tier 1. *Id*. Plaintiffs faced less risk with respect to RSC and PPT than APS because NPSI had produced evidence relating to changes in practices at APS during the class period. Plaintiffs did not face these risks as to RSC and PPT. Under the formula, a Class Member who worked at RSC

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

8

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

will receive, on average, approximately double the settlement payment as one who worked at APS—a value commensurate with Plaintiff's assessment of the higher faced as to APS. Arns Decl., ¶ 6.

The Settlement also provides for a second round of distribution of funds from uncashed checks to ensure that the Net Settlement Fund is distributed to Class Members to the greatest extent practicable. Ex. 1, § 12.

Accounting for the differing risks associated with the different facilities, the $1.9 million gross settlement represents most of the total estimated back wages and liquidated damages, excluding penalties, for Settlement Class Members. The settlement amount is fair, adequate, and reasonable under the circumstances and provides Settlement Class Members with valuable relief.

### 3.    Extent of Discovery Completed and the Stage of the Proceedings

The parties engaged in significant discovery over the course of the litigation and in preparation for mediation. This included reviewing documents related to Defendant's policies and practices; analyzing documents related to the donning and doffing practices of the Settlement Class Members; data as to the hours worked and/or recorded, and wages paid; and analyzing Defendant's payroll records. Through this investigation, the parties learned of the strengths and weaknesses of their claims and defenses.

While class and collective certification had not been briefed, the parties had established a briefing schedule and Plaintiffs were preparing to begin taking depositions and drafting the requisite briefs when the parties began settlement discussions. Thus, the parties anticipated bearing significant financial risk if discovery and class and collective certification briefing were to continue, including the costs and efforts associated with conducting time and motion studies at each of the subject facilities. *See Nat'l Fed'n of the Blind*, 2016 WL 9000699, at *8 (approving settlement of complex case where parties began discovery and if the case proceeded "both parties would assume significant risks with voluminous discovery and burdensome motion practice").

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

9

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

### 4.    The Experience and Views of Counsel

Finally, the Court must consider the work counsel has done in identifying or investigating potential claims, counsel's experience, counsel's knowledge, and resources that counsel committed to representing the class when certifying a class and appointing class counsel. Fed. R. Civ. P. 23(g). Here, Plaintiffs' Counsel have substantial experienced in prosecuting employment class actions and have been approved as class counsel by numerous state and federal courts. Plaintiffs' Counsel investigated the claims for nearly half a year, litigated the case zealously, and routinely engaged in contentious, arm's-length discussions related to the settlement of this case. Their collective judgment weighs in favor of approving the Settlement.[1]

### B.    There Are No Obvious Deficiencies

In addition to the factors discussed above, courts also examine whether there exist any obvious deficiencies in the settlement's fairness. Here, there are no "grounds to doubt [the proposed Settlement's] fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys." *Scott*, 2013 WL 12251170, at *1.

The Settlement Agreement treats all segments of the settlement class fairly. Each Settlement Class Member will receive a share of the settlement funds based upon the number of hours worked, the facility where they were employed, and the tenure of their employment. As discussed, the allocation formula takes into account the differing risks of litigation associated with the different facilities and ensures that compensation under the Settlement is commensurate with the likelihood of Plaintiffs prevailing on particular claims. It also takes into account the amount of time worked to ensure that Settlement Class Members with longer tenures and more hours are compensated appropriately.

---

[1] With regard to the remaining 'range of approval' factors (7-8), there is no governmental entity, and notice has not been distributed to the Settlement Class Members, so these factors are not relevant at this time.

1    With respect to attorneys' fees, the Ninth Circuit has discretion in common fund cases to

2 choose the percentage-of-the-fund or the lodestar method. Here, attorneys' fees are awarded as a

3 percentage-of-the-fund not to exceed 30% and are reasonable under Washington law. See *Bowles*

4 *v. Dep't of Ret. Sys.*, 121 Wash.2d 52, 72-73 (1993) (holding that in a common fund case, the

5 percentage of recovery approach used to calculate fees within the range of 20-30 percent is

6 reasonable).

7    The Settlement Agreement allows the attorneys to request up to 30% of the settlement fund

8 for attorneys' fees. That fee award will be subject to the Court's determination. *See, e.g.*, *Arthur*

9 *v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sep. 17, 2012) (citing

10 *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002) ("Factors that federal courts

11 in the Ninth Circuit use to determine the reasonableness of fees under the percentage-of-the-fund

12 approach include: (1) the results achieved (including results beyond the benefits of a cash fund);

13 (2) the risk involved with the litigation; (3) the contingent nature of the fee; and (4) awards made

14 in similar cases.").

15    In evaluating settlements for "obvious deficiencies," some courts also evaluate the scope

16 of the release. *See, e.g.*, *Ruch v. AM Retail Grp., Inc.*, No. 14-CV-05352-MEJ, 2016 WL 1161453,

17 at *11 (N.D. Cal. Mar. 24, 2016) (preliminarily approving settlement where "The release only

18 covers claims that are asserted or could have been asserted based on the allegations in the operative

19 Complaint." (citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010)). Here, the release is

20 narrowly tailored to apply only to claims set forth in the operative Complaint, or which otherwise

21 arise out of employment with NPSI during the relevant class period. *See* Ex. 1, §§ 1.9, 14.1-14.4.

22 Accordingly, there are no "obvious deficiencies" to the Settlement.

23    Finally, it is worth noting that the FLSA release is separate from the release of state claims.

24 Because FLSA actions are opt-in, the Settlement Agreement provides that all Settlement Class

25 Members who cash their Settlement Checks will be deemed to have opted into the FLSA claim.

26 *See* Ex. 1, § 14.1-14.3. Settlement checks will also contain an additional, separate notice on the

27

28

PLAINTIFFS' MOTION                           11                  Zwerling, Schachter & Zwerling, LLP
FOR PRELIMINARY APPROVAL                                         1904 Third Avenue, Suite 1030
OF SETTLEMENT                                                    Seattle, WA 98101-1170
CASE NO. 2:20-cv-01545-JLR                                       Tel.: (206) 223-2053

back of Settlement Class Members checks advising that, by cashing the check, the Class Member consents to join and release the FLSA claim. *See* Ex. 1, § 14.2; Drachler Decl., ¶¶ 11-12; *see also, e.g.*, *Mar v. Betts Co.*, No. 1:19-cv-00786-NONE-BAM, 2020 WL 6269151, at *8 (E.D. Cal. Oct. 26, 2020) (granting final settlement approval where "FLSA Members who cash, deposit, or otherwise negotiate their FLSA Payment checks will be deemed to have opted in to and bound by the FLSA Settlement, will be deemed to be Participating FLSA Members, and will release the Released FLSA Claims against the Released Parties"); *Maciel v. Bar 20 Dairy, LLC*, No. 1:17-cv-00902-DAD-SKO, 2020 WL 5095885, at *3 n.2 (E.D. Cal. Aug. 28, 2020) (granting preliminary approval where "Class Claimants need only cash their FLSA Settlement Check to opt-in to the FLSA Settlement"); *Castro v. Paragon Indust., Inc.*, No. 1:19-cv-00755-DAD-SKO, 2020 WL 1984240, at *3 n.3 (E.D. Cal. Apr. 27, 2020) (granting preliminary approval where "FLSA Members need only cash their FLSA Payment Check to opt-in to the FLSA Settlement"); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2019 WL 6311379, at *4 (N.D. Cal. Nov. 25, 2019) (preliminarily approving settlement where "Individuals who opt-in to the FLSA Collective by cashing that check will become 'Participating Collective Members.'").

### C.   The Proposed Settlement is the Product of Serious Non-Collusive Negotiations

The proposed Settlement is the "product of serious, informed, non-collusive negotiations." *Spann*, 314 F.R.D. at 319. Where "the agreement was reached after arm's length negotiations, courts should give a presumption of fairness to the settlement." *Ramirez v. Ghilotti Bros. Inc.*, No. C 12-04590 CRB, 2014 WL 1607448, at *1 (N.D. Cal. Apr. 21, 2014). Participation of a mediator is "a factor weighing in favor of finding non-collusiveness." *See Bluetooth Headset*, 654 F.3d at 948.

Here, the parties began discussing the possibility of mediation in early February 2021. The parties scheduled a mediation and exchanged comprehensive mediation briefs. However, because

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
12
Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

of the parties' confidence in the strength of their positions, the mediation was cancelled and rescheduled until a later date. After further discussions, the parties mediated for a full day on April 16, 2021, with John Cooper, Esq., a well-respected mediator with experience mediating such actions. The contentious, arm's-length negotiations continued throughout the whole day, facilitated by Mr. Cooper, until the parties reached an agreement that same evening.

Following the mediation, the parties continued discussions regarding finalization of the Settlement terms. Indeed, as a result of the discourse between the parties, they notified the Court that they would be filing this Motion later than they had previously anticipated.

Accordingly, the Court should determine the Settlement is the product of serious non-collusive negotiations.

## IV. The Court Should Conditionally Certify the Settlement Class for Purposes of Settlement

To grant preliminary approval of a proposed class settlement, a district court must also determine that the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b) are met. *See, e.g.*, *Rinky Dink Inc v. Elec. Merch. Sys. Inc.*, No. C13-1347 JCC, 2015 WL 11234156, at *1-2 (W.D. Wash. Dec. 11, 2015) (citing *Churchill Vill., L.L.C.*, 361 F.3d at 575).

### A.    For Purposes of Settlement, the Class Meets the Requirements of Rule 23(a)

Under Rule 23(a), Plaintiffs must demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

#### 1.    Numerosity

The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no "no threshold number of class members that automatically satisfies this requirement … [g]enerally, 40 or more members will satisfy the numerosity requirement." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1326-27 (W.D.

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

13

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Wash. 2015) (citations omitted). Courts have held the numerosity requirement satisfied in securities cases where millions of shares are at issue, even if the precise number of class members is unknown. *See In Re Cooper Cos. Ins. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009) ("The Court certainly may infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of more than a year."); *accord HsingChing Hsu v. Puma Biotechnology, Inc.*, No. SACV 15-0865 AG(JCGx), 2017 WL 6210803, at *2 (C.D. Cal. Dec. 8, 2017). Here, because the Settlement Class includes roughly 2,750 seafood processing employees, joinder of all Settlement Class Members would not be practical, and numerosity is satisfied.

### 2.    Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." 'Classwide resolution' "means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). A plaintiff satisfies the commonality requirement by demonstrating the presence of issues common to all proposed class members. *Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362, at *3 (W.D. Wash. May 11, 2009). Courts construe the commonality requirement permissively, and all questions of law and fact need not be common to satisfy subsection 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, for purposes of settlement, there are many questions of law and fact common to Plaintiffs and the Settlement Class Members that would predominate over any questions affecting only individual class members. These common questions of law and fact include, but are not limited to:

- Whether time the class spent donning and doffing gear is compensable;

- Whether Defendant improperly withheld wages from the class;

- Whether Defendant improperly withheld overtime wages from the class;

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

14

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- Whether Defendant by false or deceptive representations, false advertisements, or false pretenses concerning the kind and character of work to be done, the amount and character of compensation to be paid for work, or the sanitary or other conditions of employment brought or induced Plaintiffs and the class to Alaska for employment;
- Whether Defendant is liable to the class; and
- Whether the class can be made whole by payment of damages. Accordingly, the commonality factor favors class certification.

Each of these questions are central to the validity of Plaintiffs' claims. Because these questions are common to all Settlement Class Members, commonality is met for settlement.

### 3.    Typicality

Plaintiffs' claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs' allegations of injuries stemming from Defendant's alleged violations of the FLSA, AWHA, and Alaska statutes is the very same conduct that allegedly affected and injured the Settlement Class Members. Accordingly, Plaintiffs' claims are typical of the class for purposes of settlement.

### 4.    Adequacy

The adequacy requirement is satisfied where a representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. Rule 23(a)(4). Courts in the Ninth Circuit consider two questions in evaluating this requirement: "(1) do the named plaintiffs and

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

15

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs' claims arise out of the same common course of conduct giving rise to the claims of other members of the proposed class. Plaintiffs' interests are aligned with, and are not antagonistic to, those of the proposed class members. Therefore, Plaintiffs fairly and adequately represent and protect the interests of all Settlement Class Members. Moreover, as discussed above, Plaintiffs' Counsel are experienced class action attorneys who vigorously prosecuted this action. Accordingly, Plaintiffs and their counsel are adequate class counsel for settlement purposes.

**B.    The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes**

Federal courts favor and encourage settlements where class action and other complex litigation is concerned. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Court should certify the Settlement Class under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Under the predominance prong of Rule 23(b)(3), "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. Under the superiority prong of Rule 23(b)(3), the Court determines "whether the objectives of the particular class action procedure will be achieved in the particular case." *Id.* at 1023.

Here, the Settlement is appropriate in a class action suit brought on behalf of employees against their shared employer. Common questions predominate the proposed class, where numerous workers will all succeed or fail based upon the resolution of the same issues pertaining to the Defendant's conduct. Further, the superiority prong is met where the objectives of the proposed class—to resolve the employment dispute—will be achieved in the particular case by the

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

16

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

proposed Settlement.   Accordingly, the Court should certify the Settlement Class under Rule 23(b)(3) for purposes of settlement.

### C.    For Purposes of Settlement, the Settlement Class Should Be Certified as a Collective Action Under the FLSA

A collective action under the FLSA may be maintained where a "similarly situated" employee opts into the action. 29 U.S.C. § 216(b). Here, because Plaintiffs meet the more stringent requirement for class certification under Rule 23 for settlement purposes, they necessarily meet the "similarly situated" requirement of the FLSA. *See Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 3396112, at *3 (W.D. Wash. July 10, 2014) (FLSA class conditionally certified where potential plaintiffs were victims of a common policy or plan that violated the law). Moreover, the Settlement provides a separate notice to Settlement Class Members regarding their FLSA claims such that they have to affirmatively cash their checks in order to opt into the collective action portion of Settlement. Thus, because the requirements of the FLSA are met, the Court should conditionally certify this collective action for purposes of settlement. In these circumstances, courts have used a one-step certification process for the collective action; such a process is appropriate here. *See, e.g.*, *Benoskie v. Kerry Foods, Inc.*, No. 19-cv-684-pp, 2020 WL 5769488, at *1 (E.D. Wis. Sept. 28, 2020) (approving one-step FLSA settlement process); *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) ("A one-step settlement approval process is appropriate" in FLSA collective actions). *See also Day v. NuCO2 Mgmt.*, *LLC*, No. 1:18-cv-02088, 2018 WL 2473472, at *1 (N.D. Ill. May 18, 2018) (one-step settlement approval process is appropriate for FLSA collective actions).

### D.    Plaintiffs' Counsel Are Experienced and Knowledgeable to Represent the Class

Under Rule 23(g) class counsel must fairly and adequately represent the interests of the class. Four factors must be considered in the appointment of class counsel: 1) the work counsel

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

17

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

has done identifying or investigating claims, 2) counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action, 3) counsel's knowledge of the applicable law, and 4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. (g)(1).

Plaintiffs' Counsel are all substantially experienced in prosecuting employment class actions and have been approved as class counsel in multiple class action settlements in state and federal courts. Drachler Decl., at ¶¶ 6, 13; Arns Decl., at ¶ 3; Declaration of Julie Erickson ("Erickson Decl.") at ¶ 3. This extensive experience has allowed Plaintiffs' Counsel to properly assess key issues, documents, and risks early in the litigation process, and collaboratively work towards a resolution in this matter. *Id.* Plaintiffs' Counsel investigated the claims for nearly half a year, litigated the case zealously, and routinely engaged in contentious, arm's length discussions related to the settlement of this case. Drachler Decl., at ¶¶ 5-6. Their prior experience led to an efficient and effective settlement agreement that is both fair and reasonable for the Class. Drachler Decl., at ¶¶ 6, 13; Arns Decl., at ¶ 3; Erickson Decl., at ¶ 3. Plaintiffs therefore request the Court appoint Plaintiffs' counsel as Class Counsel for the Settlement Class.

## V.    The Notice Program is Adequate and Constitutes Due and Sufficient Notice Under Rule 23 and Meets Due Process Requirements

Rule 23(e) requires that notice of a proposed settlement be sent to class members. Fed. R. Civ. P. 23(e). For classes certified under Rule 23(b)(3), members must be provided with "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The notice must "clearly and concisely state in plan, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

18

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

The parties have negotiated the form of Notice to be disseminated to all persons who fall within the definition of the Settlement Class and whose names and addresses can be identified with reasonable effort. The parties will also supplement the mailed Notice with an emailed Notice to those employees for whom Defendant retained an email address.

The proposed Notice apprises Settlement Class Members of the nature of the litigation, the definition of the Settlement Class, the claims and issues in the litigation, and the claims that will be released. The Notice advises that a Settlement Class Member may enter an appearance through counsel if desired, describes the binding effect of a judgment, states the procedures and deadlines for Settlement Class Members to exclude themselves or object to the Settlement, describes the Settlement Class Members' legal rights and options in this Settlement, explains the requested attorneys' fees and expenses, and provides the date, time, and location of the final approval hearing. *See Douglas*, *supra*, 2014 WL 3396112, at *1 (notice is to be provided in a manner which is neutral, accurate and informative). *See also Chetwood v. T-Mobile USA, Inc.*, No. 2:19-CV-00458-RSL, 2021 WL 2206481, at *3 (W.D. Wash. June 1, 2021) (approval of notice that provides opt-out request forms via U.S. mail and email, and informs settlement class members of, *inter alia*, the nature of the action, how to participate in and receive proceeds under the Settlement, the identities of counsel, essential terms of the Settlement Agreement, how to object to the Settlement, and amount of incentive awards and attorneys' fees and costs).

Plaintiffs' Counsel also request the Court appoint Phoenix Settlement Administrators ("PSA") as the Settlement Administrator to provide all notices approved by the Court to Settlement Class Members and to administer the Settlement. PSA was selected by the parties because it has significant experience in employment class action claims administration. In this case, PSA will mail Notices, distribute funds, handle tax reporting, conduct a second distribution of funds, perform skip tracing to find accurate addresses, reconcile undeliverable checks, and process opt-outs and deficiencies. Ex. 1, §§ 4, 6.1-6.2, 7.2, 8.1-8.2, 10, 12.3, 13. In addition to these standard

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

19

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

services, PSA will be required to perform some non-standard services that further justify the cap of $44,750 for administration expenses. Specifically, because many Class Members in this case live outside of the United States, the Settlement Administrator will be required to mail checks internationally and translate the Notice into Spanish, Ukrainian, and Romanian. Arns Decl., ¶ 8. In order to confirm the reasonableness of PSA's quote of a cap of $44,750, Plaintiffs sought an independent quote from another settlement administration company that has been approved in class action settlements in the Western District of Washington. *Id*. This quote was approximately the same as the quote from PSA. *Id*.

Rule 23(c)(2)(B) requires a certified class to receive the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." And Rule 23(e)(1) requires a court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." The proposed Notice in this case meets and exceeds these standards and is typical of notice programs in similar employment class actions. For these reasons, the proposed Notice should be approved by the Court.

**VI.    Proposed Schedule of Events.**

The parties propose the following schedule of events leading up to the final approval hearing:

| | |
|---|---|
| Defendant to provide Class List to Settlement Administrator | Within 5 Business Days after the Entry of Preliminary Approval Order ("Preliminary Approval Date") |
| Notice mailed to the Settlement Class (the "Notice Distribution Date") | Within 15 days after the Preliminary Approval Date |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | 45 days after the Notice Distribution Date |
| Date by which to file petition for attorneys' fees and expenses and Motion for Final Approval of Settlement | No later than 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | At least 100 days after Preliminary Approval Date |

PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL
OF SETTLEMENT
CASE NO. 2:20-cv-01545-JLR

20

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

VII.    **Conclusion**

For the reasons set forth above, proposed counsel should be appointed as Class Counsel for settlement purposes and the proposed Settlement should be preliminarily approved.

Dated: June 30, 2021                    **ZWERLING, SCHACHTER & ZWERLING LLP**

                                        /s/      Dan Drachler
                                        Dan Drachler, WSBA #27728
                                        ddrachler@zsz.com
                                        Henry Avery, WSBA #54086
                                        havery@zsz.com
                                        1904 Third Avenue, Suite 1030
                                        Seattle, WA 98101
                                        Tel: (206) 223-2053
                                        Fax: (206) 343-9636

                                        **THE ARNS LAW FIRM**
                                        Robert S. Arns, *pro hac vice*
                                        rsa@arnslaw.com
                                        Jonathan E. Davis, *pro hac vice*
                                        jed@arnslaw.com
                                        Shounak S. Dharap, *pro hac vice*
                                        ssd@arnslaw.com
                                        Katherine A. Rabago, *pro hac vice*
                                        kar@arnslaw.com
                                        515 Folsom St., 3rd Floor
                                        San Francisco, CA 94109
                                        Tel: (415) 495-7800
                                        Fax: (415) 495-7888

                                        **ERICKSON KRAMER OSBORNE LLP**
                                        Kevin Osborne, *pro hac vice*
                                        kevin@eko.law
                                        Julie Erickson, *pro hac vice*
                                        julie@eko.law
                                        Elizabeth Kramer, *pro hac vice*
                                        elizabeth@eko.law
                                        182 Howard Street
                                        San Francisco, CA 94105
                                        Tel: 415-635-0631
                                        Fax: 415-599-8088

                                        *Counsel for Plaintiffs and the Proposed Class*