The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEDRO TORRES et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NORTH PACIFIC SEAFOODS, INC. et al., <br><br> Defendants. | Case No. 2:20-cv-01545-JLR <br><br> PLAINTIFFS' [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT |

The Plaintiffs have moved for preliminary approval of a proposed class settlement which would resolve the Plaintiffs' class action claims brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Alaska Wage and Hour Act, Alaska Statute 23.10.050-23.10.150, and Alaska Statute 23.10.015. Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court GRANTS preliminary approval of the Settlement, finding specifically as follows.[1]

## I. Jurisdiction

1. The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## II. Class Representative and Class Counsel

2. The Court preliminarily appoints Named Plaintiffs Jorge Hurtado and Pedro Torres as Class Representatives.

3. Under Federal Rule of Civil Procedure 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

Dan Drachler, WSBA #27728
Henry Avery, WSBA #54086
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Telephone: (206) 223-2053

Robert S. Arns, *pro hac vice*
Jonathan E. Davis, *pro hac vice*
Shounak S. Dharap, *pro hac vice*
Katherine A. Rabago, *pro hac vice*
**THE ARNS LAW FIRM**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800

Kevin Osborne, *pro hac vice*

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT

2

2:20-cv-01545-JLR
152949356.1

Julie Erickson, *pro hac vice*
Elizabeth Kramer, *pro hac vice*
**ERICKSON KRAMER OSBORNE LLP**
182 Howard Street
San Francisco, CA 94105
Phone: 415-635-0631

### III.   Rule 23 Requirements

4.  The Court preliminarily finds that the prerequisites for a class action under Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Class Representatives will fairly and adequately represent the interests of the Settlement Class Members.

5.  The Court further preliminarily finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that (i) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  The Court also preliminarily finds that the prerequisites for a collective action under the FLSA have been satisfied in that: i) Plaintiffs meet the more stringent requirement for class certification under Rule 23(b)(3), such that they necessarily meet the "similarly situated" requirement of the FLSA; and ii) the Settlement provides a separate notice to Settlement Class Members regarding their FLSA claims such that must affirmatively opt in to the collective action portion of the Settlement by cashing their Settlement checks.

### IV.   Preliminary Approval of the Settlement

7.  Pursuant to the Settlement Agreement, the Defendant has agreed to pay a gross Class Settlement Fund of $1.9 million in cash, in exchange for customary releases.

8.  Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, and

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT

3

2:20-cv-01545-JLR
152949356.1

reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's length negotiations presided over by a neutral mediator, and settlement benefits being made available to Settlement Class Members.

### V.   Notice and Administration

9. The Court appoints Phoenix Settlement Administrators to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the notice program – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10. The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies the requirements of Rule 23(c)(2), and the requirements of due process.

11. The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as an exhibit to the Settlement Agreement. The Settlement Administrator shall cause the notice program to be completed according to the deadline described in the Settlement Agreement.

12. All costs of providing Notice to the Class Settlement Class and administering distributions from the Settlement Fund shall be paid out of the Class Settlement Fund, as provided by the Settlement Agreement.

### VI.   Claims and Exclusions

13. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14. Any Settlement Class Member wishing to opt out from the Settlement shall mail a written, personally signed statement ("Opt-Out Statement") to the Settlement Administrator that

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT

4

2:20-cv-01545-JLR
152949356.1

states substantially as follows: "I request to be excluded from the settlement in *Torres and Hurtado v. North Pacific Seafoods, Inc.*, Case No. 2:20-cv-01545-JLR (United States District Court for the Western District of Washington, Seattle). I affirm that I was employed by Defendant as a Seafood Processing Employee at some point in time from October 19, 2017 through June 30, 2021." To be effective, the Opt-Out Statement must be mailed to the Settlement Administrator, postage prepaid and postmarked by forty-five calendar days from the date of distribution of the Notice.

15. Any Settlement Class Member who submits a timely and valid Opt-Out Statement shall not: (i) be bound by any orders or judgments entered in this matter; (ii) be entitled to benefits or relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of the Court.

16. All Settlement Class Members who do not submit an Opt-Out Statement pursuant to the Settlement Agreement will be deemed to have accepted its settlement terms and will forever waived their right to opt out of the Settlement Class.

17. The Settlement Administrator will promptly provide all Parties with copies of any Opt-Out Statements, and Class Counsel shall file with the Court a list of Settlement Class Members who have timely and validly submitted Opt-Out Statements to the Settlement Administrator prior to the Final Approval Hearing.

## VII. Objections

18. Any Settlement Class Member who does not file a timely Opt-Out Statement, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses to Class Counsel, or the Service Awards to the Class Representatives must submit to the Settlement Administrator a written Objection Statement. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses to Class Counsel, or to the Service Awards to the Class Representatives that are filed with the Court by Class Counsel before the Final Approval Hearing.

19. A Settlement Class Member who has timely filed a written Objection Statement as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
OF SETTLEMENT

5

2:20-cv-01545-JLR
152949356.1

orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for Service Awards to the Class Representatives will be heard unless that person has submitted a timely written Objection Statement as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

20. Any Settlement Class Member who fails to timely object in the manner specified in the Settlement Agreement will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

**VIII. Application for an Award of Attorneys' Fees, Costs, and Incentive Awards**

21. Any application for Service Awards to the Class Representatives as well as any application for an award of attorneys' fees and expenses to Class Counsel must be filed no later than fourteen calendar days before the Final Approval Hearing.

### IX. Final Approval Hearing

22. A Final Approval Hearing will be held on **November 3, 2021 at 9:00 a.m.** for the following purposes:

(a) To finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) To determine whether the requirements of the FLSA, 29 U.S.C. § 216(b), are met;

(c) To determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(d) To determine whether the judgment as provided under the Settlement Agreement should be entered;

(e) To consider the application for an award of attorneys' fees and expenses of Class Counsel;

(f) To consider the distribution of the Class Settlement Fund under the terms of the Settlement Agreement; and

(g) To rule on such other matters as the Court may deem appropriate.

23. On or before fourteen calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve a Motion for Final Approval of Settlement.

24. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

25. The deadlines the parties shall adhere to are as follows:

| | |
|---|---|
| Defendant to provide Class List to Settlement Administrator | Within 5 Business Days after the Preliminary Approval Date |
| Notice mailed to the Settlement Class (the "Notice Distribution Date") | Within 10 calendar days after receipt of the Class List |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | 45 days after the Notice Distribution Date |
| Date by which to file petition for attorneys' fees and expenses and Motion for Final Approval of Settlement | No later than 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | At least 100 days after Preliminary Approval Date |

26. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action other than affirmatively cashing their Settlement Check to indicate their approval.

## X. Further Matters

27. All discovery and other pretrial proceedings in the action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

United States District Court for the Western District of Washington, IT IS SO ORDERED.

Dated this 26th day of July, 2021.

_____
The Honorable James L. Robart
United States District Court Judge