The Honorable James L. Robart

1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**
                    **WESTERN DISTRICT OF WASHINGTON**

8

9    PEDRO TORRES et al.,                    Case No. 2:20-cv-01545-JLR

10          Plaintiffs,                      **PLAINTIFFS' MOTION FOR FINAL**
                                             **APPROVAL OF CLASS SETTLEMENT AND**
11   vs.                                     **FINAL CERTIFICATION OF**
                                             **SETTLEMENT CLASS; MEMORANDUM**
12   NORTH PACIFIC SEAFOODS, INC. et         **OF POINTS AND AUTHORITIES IN**
     al.,                                    **SUPPORT THEREOF**
13
                                             NOTE ON MOTION CALENDAR: November 3,
14          Defendants.                      2021

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION                          Zwerling, Schachter & Zwerling, LLP
FOR FINAL APPROVAL                          1904 Third Avenue, Suite 1030
OF CLASS SETTLEMENT                         Seattle, WA 98101-1170
CASE NO. 2:20-cv-01545-JLR                  Tel.: (206) 223-2053
154201729.1

## Table of Contents

I.    INTRODUCTION ...................................................................................................3

II.    FACTUAL AND PROCEDURAL BACKGROUND ...........................................4

   A.   The Factual Allegations .............................................................................4

   B.   Procedural Background................................................................................4

   C.   The Parties Reach an Agreement ...............................................................5

   D.   Terms of the Proposed Settlement.............................................................5

   E.   Preliminary Approval Granted on July 26, 2021 .......................................7

   F.   Notice of Settlement Was Successfully Distributed...................................7

   G.   Positive Reaction from Settlement Class Members ..................................8

III.   ARGUMENT .......................................................................................................8

   A.   The Settlement is Fair, Reasonable and Adequate ....................................9

      1.   Plaintiffs and Their Counsel Have Adequately Represented the Class .........................9

      2.   The Proposed Settlement Was Negotiated at Arm's Length ................................10

      3.   The Relief Provided for the Class is Adequate .................................11

         a)   The Costs, Risks, and Delay Associated with Further Litigation Are Substantial....11

         b)   The Proposed Distribution of the Settlement Fund is Designed to Be Effective ......13

         c)   The Terms Regarding Proposed Attorneys' Fees Are Reasonable and Have Met No Objection...............................................................13

         d)   There Are No Undisclosed Side Agreements.........................................................14

      4.   The Proposed Settlement Treats Class Members Equitably .......................................14

   B.   The Settlement Class Should Be Certified....................................................16

      1.   The Settlement Class Meets the Requirements of Rule 23(a)....................................16

         a)   Numerosity ...................................................16

         b)   Commonality ................................................17

         c)   Typicality .....................................................18

         d)   Adequacy......................................................18

      2.   The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes ............19

      3.   The Settlement Class Should Be Certified as a Collective Action Under the FLSA Because It Meets the More Stringent Requirement for Class Certification ........................19

   C.   The Notice Disseminated Met All Applicable Requirements...........................................20

IV.   CONCLUSION ...................................................................................................21

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

1

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

# Table of Authorities

*Cases*

*Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sep. 17, 2012)..................................................................................................12

*Bowles v. Dep't of Ret. Sys.*, 121 Wash.2d 52, 72-73 (1993) .......................................11

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) .....................19

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).....................17

*Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362 (W.D. Wash. May 11, 2009)...................................................................................15

*Dunakin v. Quigley*, 99 F. Supp. 3d 1297 (W.D. Wash. 2015) .....................................14

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)..............................15, 16, 17

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) 8

*Linney v. Cellular Ala. P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). ...........................7

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999) ...................................................8

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ...........................................................16

*Quiruz v. Specialty Commodities, Inc.*, No. 17-CV-03300-BLF, 2020 WL 6562334, at *7 (N.D. Cal. Nov. 9, 2020) ...............................................................19

*Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 49 (W.D. Wash. 2011) ..........18

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ........................................12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................................................15

*Statutes*

Alaska Statute § 23.10.015, et seq. .................................................................................2

*Other Authorities*

*Newberg on Class Actions* § 13:1 (5th ed. ....................................................................6

*Rules*

Fed. R. Civ. P. 23 ....................................................................................................passim

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

2

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiffs Pedro Torres and Jorge Hurtado ("Plaintiffs"), on behalf of themselves and others similarly situated ("the Class"), filed this putative class action lawsuit against Defendant North Pacific Seafoods Inc. ("NPSI") seeking recovery for alleged wage and hour violations that occurred while they worked as seasonal seafood processors employed by NPSI. NPSI operates numerous seafood processing plants in remote locations across Alaska. NPSI hires seasonal seafood processors at its processing facilities to sort, grade, butcher, clean, fillet, freeze, and package seafood products. While employed by NPSI as seasonal seafood processors, Plaintiffs allege they and the Class were denied wages and overtime compensation in connection with off-the-clock time they spent donning and doffing work-related gear.  Defendant denies wrongdoing and raised numerous challenges to the class action that presented serious risks to Plaintiffs' chance of prevailing.

After contentious negotiations and a full-day mediation, the parties reached the settlement of which Plaintiffs now seek the Court's final approval. The settlement provides a $1.9 million common fund, which—after the deduction of attorneys' fees, litigation expenses, and costs of administration—will be distributed directly to the settlement class members on a checks-mailed basis.  The Settlement achieves the goals of the litigation by delivering meaningful recovery for Class Members who may be due wages and overtime, while at the same time avoiding risky, expensive, and protracted litigation. The law favors compromise and settlement of complex class actions, and the Settlement in this case is the product of arm's length negotiations between experienced and informed counsel.

The Court granted preliminary approval of this Settlement on July 26, 2021 and directed Phoenix Settlement Administrators ("PSA") to provide notice to the class. The deadline to opt-out or object to the Settlement was October 8, 2021. As of the date of the filing of this motion, 2,748 notices have been mailed to all Settlement Class Members (defined below), and of that total number, no Settlement Class Member has opted out or objected to the Settlement. Plaintiffs now

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

3

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1    respectfully request that the Court enter an order granting final approval of the Settlement

2    Agreement (the "Settlement").

3    II.    **FACTUAL AND PROCEDURAL BACKGROUND**

4        A.    **The Factual Allegations**

5        Plaintiffs and the Settlement Class Members are seafood processing workers who were

6    employed by Defendant North Pacific Seafoods, Inc. ("Defendant" or "NPSI") from October 19,

7    2017 to March 31, 2021. For most of the relevant time period, NPSI owned and operated seven

8    seafood processing facilities in Alaska: Alaska Pacific Seafoods (APS), Sitka Sound Seafoods

9    (SSS), Red Salmon Cannery (RSC), Pederson Point (PPT), Togiak Fisheries (TOG), and two Inlet

10   Fish Producers (IFP) facilities. Declaration of Robert S. Arns ("Arns Decl."), ¶ 4.  Plaintiffs allege

11   that NPSI failed to pay its processing workers for all hours worked, including while donning and

12   doffing work-related gear, and made false representations relating to working conditions, in

13   violation of the Fair Labor Standards Act ("FLSA") and Alaska Wage and Hour Act ("AWHA").

14   Dkt. 1, Plaintiffs' Class Action Complaint ("Complaint") ¶¶ 12-17, 41-50. Defendant denies these

15   allegations and asserts that its seafood processing facilities are operated in a manner that complies

16   with or exceeds legal requirements.

17       B.    **Procedural Background**

18       On October 19, 2020, Plaintiffs filed a class action lawsuit, bringing claims under the Fair

19   Labor Standards Act, the Alaska Wage and Hour Act, and Alaska Statute § 23.10.015, *et seq*. Dkt.

20   1, Complaint, ¶¶ 12-17, 41-50.

21       On November 18, 2020, Defendant filed an Answer to Plaintiffs' Complaint generally

22   denying the allegations therein. Dkt. 22, Defendant's Answer to Complaint. In early February

23   2021, the parties began to engage in formal discovery. Arns Decl., ¶ 5. Plaintiffs served their first

24   set of special interrogatories, as well as requests for admission and requests for production of

25   documents on Defendant. *Id.* Defendant provided thousands of pages of responsive documents. *Id.*

26   Defendant served Plaintiffs with its first sets of discovery requests and interrogatories. *Id.* Plaintiffs

27   also noticed the depositions of several NPSI employees and the corporate representative of NPSI

28
     PLAINTIFFS' MOTION                    4              Zwerling, Schachter & Zwerling, LLP
     FOR FINAL APPROVAL                                   1904 Third Avenue, Suite 1030
     OF CLASS SETTLEMENT                                  Seattle, WA 98101-1170
     CASE NO. 2:20-cv-01545-JLR                           Tel.: (206) 223-2053
     154201729.1

on numerous topics pursuant to Fed. R. Civ. Pro. 30(b)(6). *Id.* Plaintiffs requested the inspection of five facilities to occur in April 2021, however, after a discovery conference with the Court, the parties conferred and settlement discussions commenced before incurring costs associated with class certification discovery. *Id.*

### C.    The Parties Reach an Agreement

On April 16, 2021, after a previously unsuccessful attempt to engage in mediation, counsel for the parties met for a full day of mediation before a mediator experienced in maritime and employment law litigation, John G. Cooper, Esq., of WAMS. *Id.*, ¶ 7. In advance of the mediation, the parties exchanged extensive information and data relating to, *inter alia*, the Class Members' work histories, and prepared and exchanged lengthy mediation briefs setting out their positions. *Id.* After a full day of contentious and arm's length negotiations, the parties reached an agreement-in-principle to settle the action. *Id.* Following continued arm's length negotiation, the parties finalized the terms of and executed a Settlement Agreement, which fully documents the Settlement. *Id.*

### D.    Terms of the Proposed Settlement

The terms of the Settlement are detailed in the Settlement Agreement and subsequent addendum, which fully resolves the claims of the Class against Defendant. The essential terms are as follows:

- Defendant will pay an all-in amount of $1,900,000 ("Gross Settlement Fund") in exchange for the settlement and release of the claims asserted in this matter. Ex. 1, Settlement Agreement, §§ 1.6, 1.9.

- The Settlement Class Members are defined as all persons who worked as Seafood Processing Employees for NPSI in Alaska State at any time from October 19, 2017 to March 31, 2021. Ex. 4, Stipulation and Order Approving Addendum to Settlement Agreement, § 1.1.

- Plaintiffs' Counsel will request an award of attorneys' fees up to $570,000.00 plus actual expenses of litigation not to exceed $15,000.00. Ex. 1, §§ 11.2-11.3.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- The settlement administrator will be paid settlement administration costs, not to exceed $44,750.00. Ex. 1, § 11.4.

- Subject to Court approval, up to $10,000.00 of the settlement fund will be paid as "Service Awards" to Named Plaintiffs in recognition of their service to the Settlement Class Members, with each Named Plaintiff receiving $5,000.00 Ex. 1, § 11.5.

- After the aforementioned amounts are deducted, the remaining funds—the Net Settlement Fund—will be allocated among Settlement Class Members based on a formula that takes into account each Member's number of hours worked and the facility where they were employed. Settlement Class Members will receive a minimum payment of $100.00. Settlement Class Members are not required to submit a claim to receive their payment; checks will be mailed to them directly, without any action required on their part.  Ex. 1, §§ 11.6-11.7.

- The allocation formula creates three tiers of facilities and allocates each tier a percentage of the Net Settlement Fund. Tier 1, which includes Red Salmon Cannery ("RSC") and Pederson Point ("PPT"), is allocated 39 percent. Tier 2, which includes Alaska Pacific Seafoods ("APS"), as well as RSC and PPT, is allocated 39 percent. Tier 3, which includes Sitka Sound Seafoods ("SSS"), Togiak Fisheries ("TOG"), and Inlet Fish Producers ("IFP"), as well as RSC, PPT, and APS, is allocated 22 percent. The rationale supporting the use of these tiers and the corresponding percentages is explained in Section III.A.3.b, *infra*. Within each tier, Settlement Class Members are allocated a pro rata share of that tier's percentage of the Net Settlement Fund based on the number of hours they worked at a facility within that tier. Ex. 1, § 11.7.2.

- Any remaining funds will be distributed to Settlement Class Members through a second round of checks. There will be no reversion of any settlement funds. Ex. 1, § 12.3

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

### E.   Preliminary Approval Granted on July 26, 2021

On July 26, 2021, the Court granted preliminary approval of the proposed class settlement and preliminarily appointed Pedro Torres and Jorge Hurtado as Class Representatives and Zwerling, Schachter & Zwerling, LLP, The Arns Law Firm, and Erickson Kramer Osborne LLP as Class Counsel. Ex. 3; Dkt. 52, ¶¶ 2-3. The Court further preliminarily found that the prerequisites for class certification under Rule 23(a) and Rule 23(b)(3) were satisfied. *Id.*, ¶¶ 4-5. Additionally, the Court found that the prerequisites for a collective action under the FLSA were preliminarily satisfied because Plaintiffs were able to meet the more stringent standard for class certification under Rule 23(b)(3). *Id.*, ¶ 6.

After considering Plaintiffs' Motion for Preliminary Approval, the Settlement Agreement, and the accompanying exhibits, the Court found the Settlement to be fair, adequate, and reasonable. *Id.*, ¶ 8. Specifically, the Court found the Settlement to be in the best interests of the Settlement Class and acknowledged that the Settlement was reached as a result of arm's length negotiations between the parties and counsel, with the assistance of a neutral mediator. *Id.*

 The Court appointed PSA to perform the functions and duties of a Settlement Administrator as set forth in the Settlement Agreement, including effectuating the notice program and monitoring all relevant deadlines. *Id.*, ¶ 9, 11. After carefully considering the notice program as set forth in the Settlement Agreement, the Court found that the notice program constituted the best notice practicable under the circumstances and satisfied Rule 23(c)(2) and due process requirements. *Id.*, ¶ 10.

Finally, the Court scheduled the Final Approval Hearing for November 3, 2021. *Id.*, ¶ 22.

### F.   Notice of Settlement Was Successfully Distributed

In total, 2,748 Settlement Class Members were mailed notices via first class mail on August 23, 2021. Declaration of Elizabeth Kruckenberg ("Kruckenberg Decl."), ¶ 5. By the end of the notice period, only 20 notices ultimately were undeliverable after two rounds of mailing. *Id.*, ¶¶ 8-9. In addition, notice of the Settlement was sent by email to 1,262 of the Settlement Class Members whose valid email addresses NPSI had on record. *Id.*, ¶ 6.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

7

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1
2
3
4
5
6
7

The Notice informed Settlement Class Members of the terms of the Settlement, their estimated payment amount, their right to object to or opt out of the Settlement, and that they had a deadline of forty-five calendar days to object or opt out of the Settlement. Ex. 1, § 6.1. The Notice was translated and sent in various languages – Ukrainian, Spanish, and Romanian – that reflect the most common languages spoken by Settlement Class Members. Kruckenberg Decl., ¶ 5. The results of the notice program demonstrate a highly effective distribution to the Settlement Class Members of the key information about the Settlement.

8
9
10
11
12
13

### G.     Positive Reaction from Settlement Class Members

The reaction from the Settlement Class was overwhelmingly positive. Out of the 2,748 Settlement Class Members, not a single person objected to or opted out of the Settlement. Kruckenberg Decl., ¶¶ 11-12. Class counsel received phone calls from numerous Settlement Class Members expressing gratitude and support of the Settlement. This evidence supports the fairness of the Settlement and the effectiveness of the notice program.

14
15
16
17
18

### III.    ARGUMENT

Class action settlements are approved following three steps: (1) preliminary approval, (2) notice to the class eliciting reactions, and (3) final approval in light of the class response. *See* Fed. R. Civ. P. 23; *Newberg on Class Actions* § 13:1 (5th ed.). Here, following the Court's grant of preliminary approval and notice dissemination, the settlement will move forward if the Court grants final approval.

19
20
21
22
23
24

Under Federal Rule of Civil Procedure 23, the Court must make several determinations at this stage. First, the Court should decide whether this settlement is "fair, reasonable, and adequate" in light of class members' responses under Rule 23(e). Second, the Court should determine whether the provisionally certified settlement class should be certified for purposes of judgment under Rule 23(a) and (b)(3). Third, the Court should assess whether the notice issued to the class met the requirements of Rule 23(c).

25
26
27
28

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

8

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### A.     The Settlement is Fair, Reasonable and Adequate

Rule 23(e)(2) requires courts to consider "a shorter list of core concerns" before approving a class settlement—two concerns regarding procedural fairness, and two concerns regarding substantive fairness. Fed. R. Civ. P. 23(e)(2), 2018 Adv. Comm. Notes. The two procedural concerns are whether plaintiffs and their counsel have adequately represented the class and whether the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A)-(B). The two substantive concerns are whether the relief provided for the class is adequate and whether the proposed settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(C)-(D).

A review of these four core concerns favors approving the proposed settlement. That not a single class member objected to or opted out of the Settlement undergirds this analysis.

### 1.   Plaintiffs and Their Counsel Have Adequately Represented the Class

The first procedural concern asks whether the proposed settlement was the result of adequate representation. Fed. R. Civ. P. 23(e)(2)(A). The focus of this inquiry is the "actual performance of counsel acting on behalf of the class." *See id.*, Adv. Comm. Note.

One of the hallmarks of adequate representation is a thorough investigation and assessment of the class members' claims. *Id.* Formal discovery is not required, but counsel should have sufficient information to make informed decisions at the bargaining table. *Linney v. Cellular Ala. P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, Plaintiffs' counsel were well prepared to negotiate a beneficial settlement for class members. They obtained early discovery that went to the heart of the case and reviewed data as to the hours worked and/or recorded, interviewed numerous class members, and analyzed Defendant's payroll records. Arns Decl., ¶ 5.

In addition, since preliminary approval was granted, Plaintiffs' counsel have performed significant work on behalf of the class, including addressing additional concerns regarding work conditions and assisting class members with questions about the Settlement and related work matters. Arns Decl., ¶ 14.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

9

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

### 2. The Proposed Settlement Was Negotiated at Arm's Length

The Settlement is presumptively fair because it was negotiated at arm's length. When a settlement, as here, has resulted from arm's length negotiations conducted by competent counsel after appropriate discovery, a court begins its analysis with a presumption that the settlement is fair and reasonable. *See Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 852 (1999); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004). In granting preliminary approval, this Court found that the Settlement was "the result of arm's length negotiations presided over by a neutral mediator," and that the benefits being made available to the Settlement Class Members supported approval. Dkt. 52, ¶ 8.

The parties engaged in significant discovery over the course of the litigation and in preparation for mediation. Arns Decl., ¶ 5. This included reviewing documents related to Defendant's policies and practices; analyzing documents related to the donning and doffing practices of the Settlement Class Members; reviewing data as to the hours worked and/or recorded and wages paid; and analyzing Defendant's payroll records. *Id*. Through this investigation, the parties learned of the strengths and weaknesses of their claims and defenses. *Id*., ¶ 7.

Discussion regarding the possibility of mediation began in early February 2021. Arns Decl., ¶ 5 The parties scheduled a mediation and exchanged comprehensive mediation briefs. *Id.*, ¶ 6. However, because of the parties' confidence in the strength of their positions, the mediation was cancelled and rescheduled for a later date. *Id.* After further discussions, the parties mediated for a full day on April 16, 2021, with John Cooper, Esq., a well-respected mediator with experience mediating similar actions. *Id*., ¶ 7; Ex. 2, John Cooper WAMS Bio. The contentious, arm's length negotiations continued throughout the entire day, facilitated by Mr. Cooper, until the parties reached an agreement that same evening. Arns Decl., ¶ 7.

Following the mediation, and thereafter, the parties continued discussions regarding finalization of the Settlement terms and Settlement addendum. *Id.* The Court granted preliminary approval on July 26, 2021, finding that the Settlement was "fair, adequate, and reasonable, and in the best interests of the Settlement Class." Dkt. 52, ¶ 8.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

10

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Taking into consideration both Class Counsel's preparation for the mediation and the involvement of a highly qualified private mediator, the parties' proposed settlement should be viewed as procedurally fair. Fed. R. Civ. P. 23(e)(2)(B), 2018 Adv. Comm. Note.

### 3.  The Relief Provided for the Class is Adequate

Under the Settlement, NPSI will pay an all-in amount of $1,900,000. Approximately $1,254,000 of that gross fund (the Net Settlement Fund) will go directly into the hands of the Settlement Class Members.[1] The Net Settlement Fund will be divided between Settlement Class Members by tier based on the facilities where they worked and the strengths and weaknesses of the claims against the various facilities. Ex. 1, § 11; *see* Section III.A.4, *infra* (explaining details of allocation plan). The Settlement also provides for a second round of distribution of funds from uncashed checks to ensure that the Net Settlement Fund is distributed to Settlement Class Members to the greatest extent practicable. Ex. 1, § 12. None of the settlement funds will revert back to Defendant.

No Class Member has objected to the amount of the Settlement or their estimated individual payment. Nor has any Class Member objected to the proposed plan of allocation. Instead, in Plaintiffs' counsel's experience, Class Members are satisfied with the recovery provided under the Settlement and have expressed their appreciation. Arns Decl., ¶ 14.

### a)  The Costs, Risks, and Delay Associated with Further Litigation

While Plaintiffs had high confidence in the strength of their claims, Defendant adamantly denied wrongdoing and raised numerous challenges to the action that presented risks to Plaintiffs' chance of prevailing.

To prevail, Plaintiffs would have to prove: (1) that the time Plaintiffs and the Settlement Class Members spent donning and doffing protective gear was compensable under the Fair Labor Standards Act; (2) that by means of false or deceptive representations, false advertising, or false pretenses concerning the kind and character of work to be done, or the amount and character of

---

[1] The Net Settlement Fund is approximately 66% of the gross Settlement in anticipation of approximately $44,750 to be paid to the settlement administrator, $570,000 to be paid in attorneys' fees and $15,000 to be paid in costs pursuant to the concurrent motion, and $10,000 to be paid to Named Plaintiffs as service awards.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

11

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

compensation to be paid for work, or the sanitary or other conditions of employment, Defendant brought or induced workers to relocate to Alaska for employment; and (3) that Defendant failed to fully compensate Plaintiffs and the Settlement Class Members for all hours worked.

Defendant has vigorously contested these claims maintaining its compliance with the FLSA and Alaska law. Defendant believes Plaintiffs' claims for unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs will fail, but Defendant has taken into account the uncertainty and risks inherent in any litigation. Further litigation would likely be protracted, expensive, and contrary to its best interests. Defendant also raised defenses that exposed Plaintiffs' claims to greater risk. Specifically, Defendant produced evidence showing that at multiple facilities, all donning and doffing occurred while on the clock, a defense that speaks to the heart of Plaintiffs' claims. Arns Decl., ¶ 6. Defendant also maintained that there was no basis in fact for the false misrepresentation claim, that all representations related to the work and conditions of employment were accurate, and that many employees returned to work for NPSI year after year, including one of the named Plaintiffs.

The dispute over donning and doffing violations would have required Plaintiffs to conduct extensive discovery including: time and motion studies to calculate the amount of unpaid wages, and site inspections of the facilities—each located in remote parts of Alaska—in order to determine liability for the donning and doffing claims as well as to resolve the dispute as to working conditions. Arns Decl., ¶ 7. These discovery procedures stood to substantially increase the cost of litigation to both parties. *Id.* Also, dueling studies and experts' interpretations increased the risk that Plaintiffs might not prevail on the merits. *Id.*

Additionally, obtaining certification of the proposed class and collective action remained an obstacle for Plaintiffs to overcome. Defendant argued that certification was unlikely due to the variation among the different facilities and job positions held by the class members. Arns Decl., ¶ 6. Each of the seven facilities, according to Defendant, had its own recruiting practices and unique living facilities, which could jeopardize certification as to representations made to prospective workers. *Id.* While Plaintiffs remained confident that they could successfully meet class

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

12

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

certification requirements, there was risk that Plaintiffs would not have prevailed given these differences. *Id.*

Ultimately, the case could proceed to trial, which could delay resolution for years in light of the legal and factual issues and likelihood of appeals. Given these risks of continued litigation, the totality of relief under the Settlement falls well within the range of reasonableness and warrants final approval.

   *b)*   *The Distribution of the Settlement Fund is Designed to Be Effective*

The $1.9 million settlement fund will be used to compensate settlement class members, pay service awards to the two named plaintiffs, pay attorneys' fees to class counsel and reimburse litigation expenses, and pay for settlement administration costs. None of the settlement funds will revert to Defendant. The initial round of settlement payments will be disbursed to class members through automatic payments. Any remaining funds after the expiration of time to cash the initial settlement checks will be disbursed to class members via a second round of distribution of checks to ensure that the Net Settlement Fund is distributed to Settlement Class Members to the greatest extent practicable. Ex. 1, § 12.

   *c)*   *The Terms Regarding Proposed Attorneys' Fees Are Reasonable and Have Met No Objection*

Plaintiffs' counsel seek attorneys' fees through a separate Fee Petition to the Court filed concurrently with this motion which includes detailed descriptions of their hours, rates, and expenses. The Fee Petition sets forth the legal justification for applying the percentage of recovery method and evidentiary support for the requested fees. For purposes of this Motion, the Court should consider the reasonableness of the Settlement's terms regarding attorneys' fees as it pertains to the overall adequacy, fairness, and reasonableness of the Settlement as a whole. The Settlement Agreement provides that Class Counsel will request an award of attorneys' fees up to $570,000.00, or 30% of the settlement fund, and up to $15,000.00 for actual expenses of litigation. Ex. 1, ¶¶ 11.2-11.3. These provisions are presumptively reasonable under Washington law. *See Bowles v. Dep't of Ret. Sys.*, 121 Wash.2d 52, 72-73 (1993) (in a common fund case, an award of attorneys'

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

13

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

fees in the range of 20-30 percent is reasonable). Defendant does not and will not oppose Class Counsel's request for attorneys' fees and litigation expenses. Ex. 1, ¶ 9.2. Moreover, the Notice informed Settlement Class Members that Plaintiffs would request an award of attorneys' fees in the amount of $570,000 and there were no objections. Kruckenberg Decl., ¶¶ 11-12. In light of case law approving attorneys' fees awards equal to 30% of a common fund, the significant monetary recovery secured by this Settlement, and the positive reaction and support of Settlement Class Members, the Court should find the attorneys' fees and costs provisions favor the approval of the proposed Settlement under Rule 23(e)(2)(C)(iii). *See, e.g.*, *Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sep. 17, 2012 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002) ("Factors that federal courts in the Ninth Circuit use to determine the reasonableness of fees under the percentage-of-the-fund approach include: (1) the results achieved (including results beyond the benefits of a cash fund); (2) the risk involved with the litigation; (3) the contingent nature of the fee; and (4) awards made in similar cases.")).

d)      *There Are No Undisclosed Side Agreements*

No agreements were made in connection with the Settlement aside from the Settlement itself. *See* Fed. R. Civ. P. 23(e)(3).

**4.   The Proposed Settlement Treats Class Members Equitably**

Rule 23(e)(2)(D) states that a court should consider whether "the proposal treats class members equitably relative to each other." This factor is intended to ensure that a proposed settlement does not include "inequitable treatment of some class members vis-à-vis others." Fed. R. Civ. P. 23, Adv. Comm. Notes. The proposed Settlement treats all segments of the Settlement Class fairly and thus, satisfies this factor.

Under the Settlement Agreement, the Net Settlement Fund will be divided among the Settlement Class Members based on the facility at which they worked and the number of shifts they worked.  The allocation plan groups the facilities into three tiers, with each successive tier being inclusive of the last.  The Net Settlement Fund is then divided between these tiers in a manner

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

14

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

that reflects the relative strengths and weaknesses of the claims against the various facilities as follows:

Tier 3: Plaintiffs faced the highest risk with respect to SSS, TOG, and the two IFP facilities. NPSI contended and produced evidence to support that these facilities maintained legally compliant donning and doffing policies throughout the class period. Plaintiffs faced a significant challenge in refuting NPSI's position and evidence on this point. Arns Decl., ¶ 6. Accordingly, these four facilities are classified as Tier 3 only. *Id.* Under the formula, a Class Member who worked at one of these Tier 3 facilities will recover approximately, but not less than, $100. $100 is set as the minimum possible recovery under the Settlement. Ex. 1, § 11.6.

Tier 2: At the three remaining facilities—RSC, PPT, and APS—the likelihood of prevailing was higher due to the method by which workers donned and doffed gear relative to clocking in and out. These three facilities are accordingly grouped into Tier 2. Ex. 1, § 11.7.2. Under the formula, a Class Member who worked at one of these facilities is to be allocated approximately 39% of the Net Settlement Fund. *Id.*

Tier 1: The facilities to which the least risk was assigned—RSC and PPT—comprise Tier 1. *Id.* Plaintiffs faced less risk with respect to RSC and PPT than APS because NPSI had produced evidence relating to changes in practices at APS during the class period. Plaintiffs did not face these risks as to RSC and PPT. Under the formula, a Class Member who worked at RSC or PPT is to receive, on average, approximately double the settlement payment compared to one who worked at APS—a value commensurate with Plaintiffs' assessment of the higher risk faced as to APS. Ex. 1, § 11.7.2.

While the Settlement treats each tier differently, it does so in a fair and equitable manner. Each Settlement Class Member will receive a share of the Settlement funds based upon the number of hours worked, the facility where they were employed, and the tenure of their employment.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

15

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    The Settlement Class Should Be Certified**

Certification of a settlement class is a necessary component of final approval. A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Rule 23(a) have been met and that at least one of the requirements of Rule 23(b) has been met. Fed. R. Civ. P. 23.

The Court has preliminarily found that the prerequisites under Rule 23(a), Rule 23(b)(3), and 29 U.S.C. § 216(b) have been met. Dkt. 52. The Court ruled that, for purposes of settlement, the Class meets the Rule 23 requirements as well as the FLSA collective action requirements. *Id.* The Court also appointed the named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel. *Id.* No Class member has objected to these aspects of the Settlement. For these reasons, and the reasons set forth in Plaintiffs' Motion for Preliminary Approval [Dkt. 52], Plaintiffs respectfully submit that the Court should grant final certification and collective action designation for purposes of this Settlement and should confirm appointment of the Class Representatives and Class Counsel.

**1.    The Settlement Class Meets the Requirements of Rule 23(a)**

Under Rule 23(a), Plaintiffs must demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

*a)    Numerosity*

The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is "no threshold number of class members that automatically satisfies this requirement … [g]enerally, 40 or more members will satisfy the numerosity requirement." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1326-27 (W.D. Wash. 2015) (citations omitted.) Here, because the Settlement Class includes 2,748 seafood processing employees, joinder of all Settlement Class Members would not be practical, and numerosity is satisfied.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     b)  *Commonality*

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that the case is capable of '[c]lasswide resolution," which "means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A plaintiff satisfies the commonality requirement by demonstrating the presence of issues common to all proposed class members. *Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362, at *3 (W.D. Wash. May 11, 2009). Courts construe the commonality requirement permissively, and all questions of law and fact need not be common to satisfy subsection 23(a)(2). *Hanlon*, 150 F.3d at 1019.

Here, for purposes of settlement, there are many questions of law and fact common to Plaintiffs and the Settlement Class Members that would predominate over any questions affecting only individual class members. These common questions of law and fact include, but are not limited to:

- Whether the time the class spent donning and doffing gear is compensable;
- Whether Defendant improperly withheld wages from the class;
- Whether Defendant improperly withheld overtime wages from the class;
- Whether Defendant brought or induced Plaintiffs and the class to Alaska for employment by way of false or deceptive representations, false advertisements, or false pretenses concerning: the kind and character of work to be done, the amount and character of compensation to be paid for work, or the sanitary or other conditions of employment;
- Whether Defendant is liable to the class; and
- Whether the Class can be made whole by payment of damages.

Accordingly, the commonality factor favors class certification.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

17

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Each of these questions is central to the validity of Plaintiffs' claims. Because these questions are common to all Settlement Class Members, commonality is met for settlement purposes.

### c)  Typicality

Plaintiffs' claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs' allegations of injuries stemming from Defendant's alleged violations of the FLSA, AWHA, and Alaska statutes is the very same conduct that allegedly affected and injured all Settlement Class Members. Accordingly, Plaintiffs' claims are typical of the class for purposes of settlement.

### d)  Adequacy

The adequacy requirement is satisfied where a representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. Rule 23(a)(4). Courts in the Ninth Circuit consider two questions in evaluating this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs' claims arise out of the same common course of conduct giving rise to the claims of other Settlement Class Members. Plaintiffs' interests are aligned with, and are not antagonistic to, those of the Settlement Class Members. Therefore, Plaintiffs fairly and adequately represent and protect the interests of all Settlement Class Members. Moreover, as discussed above, Plaintiffs' Counsel are experienced class action attorneys who vigorously prosecuted this action.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

18

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

*See* Section III.A.1, *supra*. Accordingly, Plaintiffs and their counsel are adequate for settlement purposes.

### 2. The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes

Federal courts favor and encourage settlements where class action and other complex litigation is concerned. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Court should certify the Settlement Class under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Under the predominance prong of Rule 23(b)(3), "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. Under the superiority prong of Rule 23(b)(3), the court determines "whether the objectives of the particular class action procedure will be achieved in the particular case." *Id.* at 1023.

Here, the Settlement is appropriate in a class action suit brought on behalf of employees against their shared employer. Common questions predominate over any individualized inquiries because the workers' claims will all succeed or fail based upon the resolution of the same issues pertaining to the Defendant's conduct. Further, the superiority prong is met because the objectives of the proposed class—to resolve the employment dispute without duplicative individual actions— will be achieved by the proposed Settlement. Accordingly, the Court should certify the Settlement Class under Rule 23(b)(3) for purposes of settlement.

### 3. The Settlement Class Should Be Certified as a Collective Action Under the FLSA Because It Meets the More Stringent Requirement for Class Certification

A collective action under the FLSA may be maintained where a "similarly situated" employee opts into the action. 29 U.S.C. § 216(b). Here, because Plaintiffs meet the more stringent

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

19

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

requirements for class certification under Rule 23 for settlement purposes, they necessarily meet the "similarly situated" requirement of the FLSA. *See Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011) ("Each tier of FLSA certification is 'considerably less stringent than the requirement of Rule 23(b)(3) that common questions predominate.'") (internal citations omitted). Moreover, the Settlement provides a separate notice to Settlement Class Members regarding their FLSA claims and options in the Settlement. Specifically, the notice provides that by "cashing your Settlement Check, you will also be deemed to have opted in to the federal Fair Labor Standards ("FLSA") collectives" and by doing so they release "any and all FLSA wage and hour claims" against NPSI. An additional notice will be provided on the back of the Settlement checks informing Class Members of the same, that by cashing the check they affirmatively opt-in to the FLSA collectives and release all FLSA claims. Thus, because the similarly-situated and opt-in requirements of the FLSA are met, the Court should certify this collective action for purposes of settlement.

### C.    The Notice Disseminated Met All Applicable Requirements

Before a class settlement is finally approved, the federal rules require notice to be directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Where the settlement class is certified pursuant to Rule 23(b)(3), the notice must also be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and it must "clearly and concisely state in plain, easily understood language" several components of the action and the settlement. Fed. R. Civ. P. 23(c)(2)(B).

Following the Court's approval of the parties' notice plan (Dkt. 52, ¶¶ 9-12), PSA notified the Class of the Settlement, effectuating the approved plan. Kruckenberg Decl., ¶ 2. In accordance with the Settlement Agreement and the Court-approved notice program, the settlement administrator notified Class Members of the Settlement and provided detailed instructions to any Class Member intending to opt out or object to the Settlement. As of the filing of this Motion, 2,748 notices have been mailed to all Class Members, and of that total number, no Class Member has opted out or objected to the Settlement. *See* Section II.F, *supra*. The positive response of the

Settlement Class provides additional ground for approving the Settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Quiruz v. Specialty Commodities, Inc.*, No. 17-CV-03300-BLF, 2020 WL 6562334, at *7 (N.D. Cal. Nov. 9, 2020).

By the end of the notice period, all 2,748 Settlement Class Members were mailed notices with only 20 notices ultimately being undeliverable after two rounds of mailing. Kruckenberg Decl., ¶ 8. Additionally, 1,262 of the Settlement Class Members were emailed notices. This notice plan was reasonably calculated to reach all Class Members and apprise them of the Settlement. As the Court previously found (Dkt. 52, ¶¶ 9-12), the notice properly informed Class Members of the nature of the action; the class definition; the class claims, issues, or defenses; that the Class Member may appear through counsel; that the Court will exclude from the Class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on Class Members. Fed. R. Civ. P. 23(c)(2)(B); *see also* Kruckenberg Decl., ¶ 5.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order granting Final Approval, certifying the Settlement Class under Rule 23, certifying the collective action under the FLSA, appointing the Named Plaintiffs as Class Representatives, appointing Plaintiffs' counsel as Class Counsel, and entering judgment as provided under the Settlement Agreement.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL
OF CLASS SETTLEMENT
CASE NO. 2:20-cv-01545-JLR
154201729.1

21

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

1    Dated: October 18, 2021            **ZWERLING, SCHACHTER & ZWERLING, LLP**

2                                        /s/ Henry Avery
                                         Henry Avery, WSBA #54086
3                                        havery@zsz.com
                                         1904 Third Avenue, Suite 1030
4                                        Seattle, WA 98101
                                         Tel: (206) 223-2053
5                                        Fax: (206) 343-9636

6
                                         Susan Salvetti, *pro hac vice*
7                                        ssalvetti@zsz.com
                                         41 Madison Avenue
8                                        New York, NY 10010
                                         Tel: (212) 223-3900
9                                        Fax: (212) 371-5969

10
                                         **THE ARNS LAW FIRM**
11                                       Robert S. Arns, *pro hac vice*
                                         rsa@arnslaw.com
12                                       Jonathan E. Davis, *pro hac vice*
                                         jed@arnslaw.com
13                                       Shounak S. Dharap, *pro hac vice*
                                         ssd@arnslaw.com
14                                       Katherine A. Rabago, *pro hac vice*
                                         kar@arnslaw.com
15                                       515 Folsom St., 3rd Floor
                                         San Francisco, CA 94109
16                                       Tel: (415) 495-7800
                                         Fax: (415) 495-7888
17

18                                       **ERICKSON KRAMER OSBORNE LLP**
19                                       Kevin Osborne, *pro hac vice*
                                         kevin@eko.law
20                                       Julie Erickson, *pro hac vice*
                                         julie@eko.law
21                                       Elizabeth Kramer, *pro hac vice*
                                         elizabeth@eko.law
22                                       44 Tehama Street
                                         San Francisco, CA 94105
23                                       Tel: 415-635-0631
                                         Fax: 415-599-8088
24

25                                       *Counsel for Plaintiffs and the Proposed Class*

26

27

28