The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEDRO TORRES et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NORTH PACIFIC SEAFOODS, INC et al., <br><br> Defendants. | Case No. 2:20-cv-01545-JLR <br><br> [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |



1  This matter is before the Court on Plaintiffs' Motion for Final Approval of Settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Settlement Agreement ("Settlement") that, if approved, will resolve this litigation.

The Court, after considering the Motion and Settlement, as well as all exhibits thereto, the record in this matter, and good cause appearing pursuant to Federal Rule of Civil Procedure Rule 23(e)(1)(A), determines (a) the Settlement is fair, reasonable, and adequate and should be finally approved; (b) the Settlement Class is certified pursuant to Rule 23(a) and 23(b)(3); (c) the Notice to the Class was directed in a reasonable manner and fully complied with the requirements of Rule 23(e)(1)(B) and due process; (d) jurisdiction is reserved and continued with respect to the implementation and enforcement of the terms of the Settlement; (f) Plaintiffs are appointed Class Representatives; and (g) The Arns Law Firm, Erickson Kramer Osborne, LLP, and Zwerling, Schachter, & Zwerling, LLP are appointed as Class Counsel.

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement.

2. The parties have agreed to settle the above-referenced action upon the terms and conditions set forth in the Settlement Agreement. Except as otherwise provided herein, for purposes of this Order, the Court adopts all defined terms set forth in the Settlement Agreement and subsequent Addendum to the Settlement Agreement.

3. The Court previously found that the Settlement was fair, adequate and reasonable, and in the best interest of the Settlement Class. (Dkt. 52). The Court now reaffirms its findings rendered in the Order Granting Preliminary Approval of Settlement and, having considered the factors set forth in Rule 23(e)(2), and having applied a high level of scrutiny as required when settlement precedes class certification, concludes that, pursuant to Rule 23(e), the Settlement is fair, adequate and reasonable.

4. The analysis under Rule 23(e)(2) requires the Court to consider a "list of core concerns" before approving class settlement. Fed. R. Civ. P. 23(e)(2), 2018 Adv. Comm. Notes. The two procedural concerns are whether plaintiffs and their counsel have adequately represented the class, and whether the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A)-(B). The two substantive concerns are whether the relief provided for the class is adequate, and whether the proposed settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(C)-(D).

5. Rule 23(e)(2)(A) is satisfied because the Plaintiffs and Class Counsel have vigorously represented the Class.

6. Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by informed counsel acting in the best interests of their respective clients, and with the close participation of a mediator.

7. Rule 23(e)(2)(C) is satisfied because the relief provided for the Class is outstanding considering that, accounting for the differing risks associated with the different facilities, the gross settlement represents most of the total back wages and liquidated damages as estimated by Class Counsel, excluding penalties, for Settlement Class Members. Moreover, the three-tiered settlement provides a way to account for differing risks at various facilities while still maximizing payments to Class Members based on the time they worked for Defendant. At the same time, the Settlement avoids expensive, protracted, and potentially risky litigation. Of the 2,728 Class Members who received Notice, none of those Members opted out or objected to the Settlement. The Court finds that the positive reaction to the Settlement further supports the conclusion that the Settlement provides adequate relief to the Class.

8. Rule 23(e)(2)(D) is satisfied as the Settlement treats Class Members equitably by providing them recovery under the same three-tier formula, which takes into account the time they spent working for Defendant and the specific facility in which they worked. Thus, while the Settlement may treat each tier differently based on the specific facilities located therein, it does so in a fair and equitable manner in alignment with the risks assessed by Class Counsel in connection

with prevailing at class certification and trial as to the facilities within each tier. Each Settlement Class Member will receive a share based upon the number of hours worked and the facility where they were employed.

9. The Court certifies, for settlement purposes only, the following Settlement Class Members:

> All persons who worked for NPSI in Alaska State at any time from October 19, 2017 to March 31, 2021 as a Seafood Processing Employee.

Settlement Class Members' individual payments will reflect all hours worked from October 19, 2017 through June 30, 2021.

10. The Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for the certification of the Class for settlement purposes only.

11. Rule 23(a)(1) is satisfied because the Class consists of approximately 2,748 individuals, whose identities were ascertainable through Defendant's records, and joinder of all members is impracticable.

12. Rule 23(a)(2) is satisfied because common issues of law and fact underly the claims—specifically, Defendant's alleged failure to pay Class Members for time spent donning and doffing and Defendant's alleged false representations to induce Class Members to travel to Alaska for employment.

13. Rule 23(a)(3) is satisfied because the Class Representatives' claims are typical of those of the Settlement Class Members. Rule 23(a)(4) is satisfied because the Class Representatives fairly and adequately protected the interests of the Settlement Class.

14. Rule 23(b)(3) is satisfied because the questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

15. The Court finds that due notice was given in accordance with the Preliminary Approval Order (Dkt. 52), and that the form and content of that Notice, and the procedures for

1  dissemination thereof, satisfy the requirements of Rule 23(e) and due process and constitute the
2  best notice practicable under the circumstances.

3      16.    The Court held a held a hearing on November 3, 2021 to consider the fairness,
4  reasonableness, and adequacy of the proposed Settlement, and was advised that there are no
5  objections to the settlement from any Settlement Class Members.

6      17.    Adequate notice of the proceedings was given to Settlement Class Members, with
7  a full opportunity to participate in the fairness hearing. Therefore, it is hereby determined that all
8  Settlement Class Members are bound by this Final Approval Order and judgment.

9      18.    The Court **GRANTS** final approval of the Settlement.

10      19.    Without affecting the finality of the judgment, the Court reserves and continues
11  jurisdiction with respect to Plaintiff's motion for service awards to the Plaintiffs and attorneys'
12  fees, costs, and expenses to Class Counsel.

13      20.    Without affecting the finality of the judgment, the Court reserves and continues
14  jurisdiction with respect to the implementation and enforcement of the terms of the Settlement,
15  distribution of payments to Class members, and this Order.

16      21.    No person will have any claim against Plaintiffs, Class Counsel, any person
17  designated by Class Counsel, or the Claims administrator arising from or relating to determinations
18  or distributions made substantially in accordance with the Settlement or Orders of the Court.

19      22.    The Court appoints as Class Representatives Plaintiffs Pedro Torres and Jorge
20  Hurtado Jr.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

23. The Court appoints The Arns Law Firm, Erickson Kramer Osborne, LLP, and Zwerling, Schachter, & Zwerling, LLP as Class Counsel.

United States District Court for the Western District of Washington, IT IS SO ORDERED.

Dated this 9th day of December, 2021.

*[signature]*

Hon. James L. Robart
United States District Judge

PRESENTED BY:

Henry Avery WSBA # 54086
ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue
Suite 1030
Seattle, Washington 98101
Telephone: (206) 223-2054
Facsimile: (206) 343-9636
havery@zsz.com

*Co-Counsel for Plaintiffs and the Proposed Class*

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT
Case No. 2:20-cv-01545-JLR
5