The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

PEDRO TORRES et al.,

     Plaintiffs,

vs.

NORTH PACIFIC SEAFOODS, INC et al.,

     Defendants.

Case No. 2:20-cv-01545-JLR

[~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS' REQUEST FOR FEES, COSTS, AND SERVICE AWARDS**



1    Plaintiffs' Motion for Attorneys' Fees and Expenses and for Service Awards came before

2  this Court on December 9, 2021. After due consideration of the facts of record, the applicable legal

3  standards, and the arguments of counsel,

4  **IT IS HEREBY ORDERED THAT:**

5    1.    The Motion for Attorneys' Fees, Costs, and Service Awards is **GRANTED**.

6    2.    Under the Settlement, the Parties allocated up to $570,000.00 of the $1,900,000.00

7  gross Settlement Fund to be paid as attorneys' fees, up to $15,000.00 to be paid for costs, up to

8  $5,000.00 to be paid to each of the two named Plaintiffs, and up to $44,750.00 to be paid to the

9  settlement administrator for administration expenses.

10    3.    The Court previously found that the Settlement confers substantial benefits on

11  Class members and meets the requirements of Rule 23. (Dkt. 52). The Settlement states that Class

12  Counsel may receive an award of attorneys' fees in the amount determined by the Court, not to

13  exceed $570,000. This term was negotiated at arm's length with the assistance of an experienced

14  mediator and only after the Parties had reached an agreement on settlement terms for the Class.

15    4.    On August 24, 2021, the parties disseminated a Notice to the Settlement Class

16  Members which informed them that, subject to Court approval, the Settlement Fund will be

17  allocated as follows: $1,260,250 to the Settlement Class Members who do not opt out; $10,000 in

18  Service Awards for the two Named Plaintiffs who filed this Lawsuit and who served as Class

19  Representatives; $570,000 will be paid as attorneys' fees to Class Counsel; up to $15,000 will be

20  paid as litigation expenses to Class Counsel; and up to $44,750 will be paid to the Settlement

21  Administrator for expenses associated with administering the settlement (Dkt. 49-2). To date, no

22  Class Member has objected to the Settlement or opted out. Class Counsel has represented that, as

23  of the date the subject motion was filed, they were in the process of disseminating a supplemental

24  notice to provide Settlement Class Members with access to Class Counsel's fee motion and a 25-

25  day period to comment or object to the request for fees, costs, and service awards pursuant to *In*

26  *re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010). Class Counsel will file a

27  declaration from PSA at the conclusion of this comment period detailing any feedback or

28    [PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS
Case No. 2:20-cv-01545-JLR

1

1 objections received. As of the date of this Order, <u>no</u> Settlement Class Members have objected to

2 the fee request.

3       5.    Class Counsel's requested fee is reasonable both as a percentage of recovery and

4 under the lodestar method. The Court finds that Class Counsel's efficient litigation of this case has

5 delivered meaningful and timely relief for Class Members without the delay, expense, and risk of

6 litigation. *See Pelletz v. Weyerhaeuser Co.*, 592 F.Supp.2d 1322, 1328 (W.D. Wash. 2009).

7       6.    Class counsel's fee request of $570,000 represents 30% of the common fund. The

8 Court finds this request appropriate in light of the factors that federal courts in the Ninth Circuit

9 use to determine the reasonableness of fees under the percentage method. *See Arthur v. Sallie Mae,*

10 *Inc.*, 2012 WL 4076119, at *1 (W.D. Wash. Sep. 17, 2012). Specifically, the Court finds that the

11 results obtained, the risk involved with the litigation, the contingent nature of the fee, and the

12 awards approved in other class actions within the Ninth Circuit further support for Class Counsel's

13 fee request.

14       7.    The Court also finds that the lodestar method further confirms the reasonableness

15 of the request. The requested fee amounts to a multiplier of 1.2 on Class Counsel's lodestar of

16 $478,063.25 incurred to date, and without accounting for time spent on future work. The Court

17 finds that the multiplier is within the typical range of multipliers in class action settlements after

18 having considered the *Kerr* factors. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir.

19 2002). Moreover, the Court is aware that the multiplier will decrease over time as Class Counsel

20 will likely expend additional hours overseeing the settlement administration process.

21       8.    The Court further finds that the results obtained, the quality of Class Counsel's

22 work, their experience in complex class action litigation, the contingent nature of the

23 representation, and the significant risks in this case further support the request. Class Counsel

24 delivered excellent results for the Class, as the Settlement provides for significant monetary relief.

25       9.    Plaintiffs have submitted declarations of counsel adequately documenting the work

26 and hours they performed in this litigation. Class Counsel's legal services in this matter included,

27 among other work: pre-filing investigation, drafting of pleadings, formal and informal discovery

28 [PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS
Case No. 2:20-cv-01545-JLR

1    efforts, court appearances, settlement negotiations, and administration of settlement. The Court

2    finds that Class Counsel spent an appropriate number of hours on this case, and that their current

3    hourly rates are consistent with those prevailing in the market in this district for similar services

4    by lawyers with comparable skill. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

5          10.    Class Counsel also request reimbursement of litigation costs, including, *inter alia*,

6    WAMS mediation fees, filing fees, court reporting and transcript services, online legal research,

7    and process service. The Court concludes that Class Counsel is entitled to reimbursement in the

8    amount of $10,934.23 and that the costs were reasonable and necessary for the investigation,

9    prosecution, and eventual settlement of this action. Moreover, the Court finds that the Ninth Circuit

10   routinely "allows recovery of pre-settlement litigation costs in the context of class action

11   settlement." *Arthur*, 2012 WL 4076119, at *2.

12         11.    Class Counsel also request service awards to be paid out of the Settlement fund.

13   The Court finds that named Plaintiffs Pedro Torres and Jorge Hurtado Jr. should be awarded

14   $5,000.00 each for their services to the Class. Plaintiffs submitted declarations stating that their

15   efforts included lending their names to the case, speaking with other workers about their

16   experiences and observations at Defendant facilities, providing photos, videos, and documents to

17   Class Counsel, communicating with Class Counsel throughout the entire litigation period,

18   reviewing Excel files produced by Defendant, participating in settlement discussions, and

19   reviewing the terms of the Settlement Agreement. The Court recognizes the efforts taken by the

20   named Plaintiffs on behalf of the Class and finds that this award is appropriate in light of their

21   contributions to the Class Members.

22         12.    Class Counsel also request administration expenses to be paid out of the Settlement

23   fund for work performed by the Settlement Administrator, PSA. Based on the declaration

24   submitted by PSA in support of the Motion for Final Approval, the Court finds the administrator

25   has prepared, translated and mailed the Notice to Class Members, responded to inquiries from

26   Class Members, calculated the Net Settlement Amount and individual Settlement payments, will

27   issue and distribute checks to participating Class Members, and will issue payment to Class

28   [PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, COSTS, AND
SERVICE AWARDS
Case No. 2:20-cv-01545-JLR

1   Counsel for attorneys' fees, costs, and service awards to named Plaintiffs, as well as perform other

2   tasks as required for administration of the Settlement. The Court finds PSA's expenses of

3   $44,750.00 to be appropriate.

4

5   United States District Court for the Western District of Washington, IT IS SO ORDERED.

6   Dated this ⁹ᵗʰ day of _December_, 2021.

7

8                                                   Hon. James L. Robart

9                                                   United States District Judge

10

11   PRESENTED BY:

12
     Henry Avery WSBA # 54086
13   ZWERLING, SCHACHTER & ZWERLING, LLP
     1904 Third Avenue
14   Suite 1030
     Seattle, Washington 98101
15   Telephone: (206) 223-2054
     Facsimile: (206) 343-9636
16   havery@zsz.com

17   *Co-Counsel for Plaintiffs and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

28   [PROPOSED] ORDER GRANTING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, COSTS, AND
     SERVICE AWARDS
     Case No. 2:20-cv-01545-JLR
     4